THOMAS GORRAL v. WILLIAM H. HAMLYN & SON.

JULY 9, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Workmen's Compensation Act.   Questions of Fact.*
In a proceeding under the Workmen's Compensation Act:
*Held,* following *Jillson* v. *Ross,* 38 R. I. 145, that the matter placed in issue, was a question of fact for the justice who heard the case and the consideration of the weight of the evidence and its sufficiency in point of fact, were also questions of fact, which the Superior Court had exclusive final jurisdiction to determine.

*(2)   Master and Servant.   Aggravation of Injury.   Benefit of Doubt.*
Under the Workmen's Compensation Act the rule which governs in an action at law applies that where plaintiff has proved the liability of defendant and the resulting injury to plaintiff, if defendant claims an aggravation of the injury by neglect of plaintiff, he must show such fact as matter of defence, and in regard to such question it is proper to resolve all doubts in favor of plaintiff.

PETITION under Workmen's Compensation Act.   Heard on appeal of respondent and dismissed.

SWEETLAND, J.   This is a petition brought under the Workmen's Compensation Act.

In accordance with the statute the petition was heard before a justice of the Superior Court and said justice ordered the entry of final decree.   Among the findings of fact contained in said decree were the following:  ."9.   That the

character and extent of said injury were as follows: chronic synovitis of left knee which injury is permanent." From said final decree the respondents appealed to this court upon all questions of law or equity decided adversely to them; and they have filed reasons of appeal. The two questions presented by the reasons of appeal are: (1) As to whether or not there was any sufficient testimony to support the findings in the decree that the plaintiff is entitled to further compensation on the ground that the accident was the proximate cause of the present condition of chronic synovitis, and: (2) As to whether or not the court was in error in adopting as a rule of decision that the plaintiff was entitled to the "benefit of the doubt" on the facts in the case.

At said hearing the matter in controversy between the parties was raised by the following portion of respondents' answer: "The respondent denies that the petitioner is permanently injured, but says that his present disability, if any, is caused by the neglect of the petitioner to take the proper means for recovery from the injury, and by his neglect to follow the directions of a physician, and says that the petitioner is not unable to follow his usual occupation by reason of the injury, resulting from the accident, but such inability, if any, is caused by his neglect to take proper means for his cure and failure to follow competent medical advice."

(1)       The matter thus placed in issue before said justice was clearly a question of fact. In support of the plaintiff's position he presented testimony as to his conduct with reference to said injuries, the diligence which he had used in obtaining the treatment of said injury by physicians; the nature of such treatment and the care that he had taken in the matter to follow the instructions of his physicians. There was legal evidence from which a reasonable mind might conclude that the petitioner was not guilty of improper conduct in connection with the care and treatment of said injury. These were questions of fact, and the consideration of the weight of the evidence and its sufficiency in point of

fact were also questions of fact. We have held in *Jillson* v. *Ross*, 38 R. I. 145, that under the provisions of the Workmen's Compensation Act, the General Assembly has given to the Superior Court the exclusive final jurisdiction to determine such questions of fact and that the consideration of the preponderance of the testimony cannot be brought before us upon appeal.

The respondents also urge as a ground of appeal that said justice in his decision indicated that he had taken an erroneous position with regard to the burden of proof in petitions brought under said act, and had ruled that in the determination of all questions of fact arising under said petitions "the petitioner ought to receive the benefit of any doubts." The language just quoted appears in the decision of said justice; but the broad interpretation which the respondents place upon it is entirely unwarranted. The claim which the respondents make in their brief "that the burden of proving the essential facts necessary to establish a case rests upon the party petitioning for relief under the Workmen's Compensation Act as much as it does upon a plaintiff in any proceeding at law" is a correct statement of the law. Said justice in his decision has announced no different rule. In the case at bar the respondents did not deny that the petitioner was injured in his left knee, causing synovitis in said knee by an accident arising out of and in the course of his employment by the respondents. The only contested issues before said justice were as to whether or not the petitioner had neglected to take proper means to bring about a recovery from said injury and by his own negligence in regard to said injury had aggravated the same and had thus caused his present state of disability. Those were the only questions considered in the rescript of said justice. In deciding said issue in favor of the petitioner the justice used the language quoted: "We think that the petitioner ought to receive the benefit of any doubts." In this position said justice was right. The rule to be applied is that which governs in an action at law for damages for personal injuries. The injured

workman must do nothing to aggravate his condition or prevent his recovery. In an action at law, when the plaintiff has proved the liability of the defendant and the resulting injury to the plaintiff, if the defendant claims that the disability has been aggravated and a cure prevented by the neglect of the plaintiff, the defendant must show those

(2) facts as matters of defence, and in regard to those questions it is proper to resolve all doubts in favor of the plaintiff. In the *City of Goshen* v. *England*, 119 Ind. 368, the court said in reference to this question: "It is here claimed that the negligence of the plaintiff contributed, not to the cause, but to the aggravation, of the injury, and is certainly not an element which the plaintiff should be required to prove to entitle her to recover, but it is clearly a matter of defence; and the burden of proving it should rest upon the defendant." This principle has been applied in cases under employers' liability acts—*Marshall* v. *Orient Steam Navigation Co.*, 3 B. W. C. C. 15; *Quinn* v. *McCallum*, 2 B. W. C. C. 339.

The respondents' appeal is denied and dismissed. The case is remanded to the Superior Court for further proceedings.

*Michael F. Costello*, for petitioner.
*Wilson, Gardner & Churchill*, for respondents.