ANNIE M. GRAY *vs.* ST. CROIX PAPER COMPANY

AND

AETNA LIFE INSURANCE COMPANY.

Washington. Opinion March 25, 1921.

*Under the Workmen's Compensation Law, the amount of compensation is determined by the statute in force at the date of the accident.*

The commissioner found as a fact that the death of the petitioner's husband from tuberculosis, was due to an industrial accident which he suffered twenty months before. This finding being supported by some evidence is not subject to review by this court.

The amount of the commissioner's award is however based upon the statute of 1919. This is error. For reasons set forth in Gauthier's case the amount of compensation is determined by the statute in force at the date of the accident.

To determine the correct award, no disputed question of fact is to be passed upon.

The decree must be modified to conform to the statute in force in 1918 when the accident occurred.

On appeal from a decree by the chairman of the Industrial Accident Commission. On August 28, 1918, Herbert Gray while in

the employment of the St. Croix Paper Company, at. Woodland, Maine, received an injury by accident arising .out of ,and in the course of his employment. By agreement he was paid compensation at the rate of ten dollars per week for. eighty-one weeks. On May 3, 1920, he died of tuberculosis alleged to have been caused by the accident, leaving a widow, Annie M. Gray, the petitioner. On a hearing on the petition the commissioner awarded compensation in the sum of $13.88 per week, for a period of three hundred weeks from October 2, 1918. Appeal sustained. Decree modified.

The case is stated in the opinion.

*Reed V. Jewett,* for plaintiff.

*LeRoy L. Hight,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. In August, 1918, Herbert Gray fractured his ankle in an accident arising out of and in the course of his employment by the St. Croix Paper Co.

By agreement duly approved the defendants paid him compensation at the rate of ten dollars per week for eighty-one weeks. On May 3rd, 1920 Mr. Gray died of tuberculosis alleged to have been caused by the fracture.

The chairman of the Industrial Accident Commission found as a fact "that the death of Herbert Gray, husband of the petitioner, on May 3rd, 1920 was the direct result of the injury sustained by him August 28, 1918 while in the employ of the St. Croix Paper Company."

It has again and again been decided and is conceded that this court has no authority to review the Industrial Accident Commission's finding of fact in the absence of fraud and provided such findings are supported by any legal. evidence. *Westman's Case,* 118 Maine, 133; *Mailman's Case,* 118 Maine, 172.

But the defendants contend that there is no evidence supporting the finding of fact above quoted.

The only evidence on this issue is the testimony of Dr. W. H. Bunker of Calais, Mr. Gray's attending physician. Dr. Bunker testified that in his opinion the tuberculosis causing death in 1920 was the result of the accident in 1918.

The defendants urge that the doctor's lack of training and experience in the pathological conditions involved in this case is so apparent, his examinations so superficial and his deductions so unscientific that no weight can be given to his opinion, and that a finding of causal relation based upon his testimony is a finding without evidence.

The doctor is a general practitioner and not a specialist. But he has been engaged in practice for eleven years. He treated Mr. Gray for about a year and a half. He made some examination of the injured ankle having an X-ray photograph taken to facilitate the examination. He treated the fracture and his treatment is not criticised. According to his testimony he discovered that the bones were not uniting, made an incision, found the ankle joint destroyed and amputated the leg. In Jan. 1919 the symptoms of the patient suggested to the mind of the doctor a tubercular condition of the bones. Considerably later he had an analysis of the sputum made at the state laboratory.

The doctor was subjected to a searching cross examination. His testimony was shaken, but not destroyed, weakened but not annihilated, torpedoed but not sunk. We cannot say that there was no testimony supporting the chairman's finding.

The defendant's second reason of appeal is that the commissioner, in awarding compensation for an injury by an industrial accident which occurred in 1918, applied the provisions of Chapter 238 of the Public Laws of 1919. The appeal so far as it is based on this ground must be sustained. *Gauthier's Case,* supra.

The petitioner is entitled to ten dollars per week, the maximum weekly compensation allowable under the law in force in 1918 when the accident occurred. She is so entitled for three hundred weeks, less eighty-one weeks for which compensation was paid during Mr. Gray's life.

The decree must be modified so as to require payment of ten dollars per week instead of the amount allowed by the chairman, such payments to begin as of May 3, 1920 and continue for two hundred and nineteen weeks.

> *Appeal sustained.*
> *Decree modified as*
> *stated in opinion.*