## ANNE MARTIN'S CASE.

### Aroostook.    Opinion November 6, 1925.

*Where there is any competent evidence on which the findings of fact by the Chairman of the Industrial Accident Commission may rest, this court cannot disturb them on appeal.*

In this case, although the petitioner's claim was based on an injury to the hip there being some evidence on which the Chairman may have found that an injury to the leg below the knee also resulted from the same accident and the case having been fully heard without objection as to the effect of both injuries as a probable cause or source of the infection resulting in the death of the petitioner's husband, the petition may be treated as amended to cover both injuries.

On appeal. A compensation case. Gilbert Martin, the deceased husband of claimant who petitions as a dependent widow, while in the employ of Edward Lacroix, Ltd., loading cars with pulpwood at Van Buren, slipped and fell and injured his left hip. On November 28, 1923, about six weeks after the injury, the employee died in a hospital. The petitioner contended that her husband died from peritonitis from infection from the injury, while the respondents alleged that his death did not result from the injury. Compensation was awarded and respondents entered an appeal from an affirming decree. The question involved was as to whether the evidence warranted the finding of fact by the Chairman that the employee died from peritonitis resulting from the injury. Appeal dismissed with costs. Decree below affirmed.

The case appears in the opinion.

*Cyrus F. Small and John B. Pelletier*, for petitioner.
*Strout & Strout and James C. Madigan*, for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BASSETT, JJ.

WILSON, C. J. The husband of the petitioner, while in the employ of the respondent, fell and received one or more traumatic injuries. Later, peritonitis developed from which death resulted.

The Chairman of the Industrial Accident Commission found that the peritonitis was the direct result of the injuries received from an accident arising out of and in the course of his employment and awarded compensation to the petitioner as his dependent widow.

Facts found by the Chairman, if they have any competent evidence on which to rest, though it be slight, provided the inferences therefrom be such as a reasonable person might draw, must, according to the Act and abundant authority, be accepted by this court on an appeal from a decree based on his findings.

No question is raised that such injuries as were received by the deceased from the accident did not arise out of or were not received in the course of his employment. The injuries set forth by the claimant in her petition as having resulted from the accident were to the hip. The evidence, however, also disclosed a cut or abrasion below the knee, one or both of which it is contended proved a source or cause of infection from which peritonitis finally developed.

The respondents urge, as grounds why the appeal should be sustained: that it was not made sufficiently clear by the evidence to take it out of the realm of conjecture that peritonitis, which was the immediate cause of death, was the result of the accident and not of disease.

Two reputable physicians, however, who attended the deceased during the last three weeks before his death while in a local hospital and who made careful examinations to determine the nature of the infection, performing an abdominal operation and after death a post mortem, gave as their unqualified opinion that the infection was not the result of typhoid fever or of other so-called internal causes, but was the direct result of the accidental injuries received.

It may appear to the layman that the inference that the infection resulted from the injury to the hip is not a reasonable one, as there was no open wound as a source of infection. One of the attending physicians gave it as his opinion that the injury below the knee was the original source of the infection, which the respondents insist, if resulting from either, is the only reasonable inference which could be drawn. The respondents, however, also insist that the evidence did not warrant a finding by the chairman that the injury to the lower leg was received at the time of the accident and, further, it is not made a basis of the petitioner's claim, her petition only setting forth an injury to the hip. . .

It is true that there is testimony that the deceased did not complain of any injury below the knee to his fellow workmen at the time of the accident, or later to his wife or his physicians.   This may have been due to the fact that the injury to the hip was the more painful, while the injury below the knee apparently was little more than a superficial cut or an abrasion of the skin, but for that very reason, it may have been the more dangerous of the two, there being no open wound at the hip.

There is some evidence, however, from which it may be reasonably inferred that the injury to the leg was received at the same time as the injury to the hip.   In cross-examination, the petitioner testified that her husband did speak of it when he returned home the evening following the accident, that she examined it, that it had been bleeding, indicating a comparatively fresh wound, and treated it as well as the injury to the hip.   Without her testimony, also drawn out in cross-examination, that she learned from her husband that it was received at the same time as the injury to the hip, which answer was responsive and allowed to stand, there is still sufficient evidence on which a finding by the Chairman that it was so received could rest.

If the objection that the petitioner has failed to base her claim upon any injury to the leg were to prevail, this court might, if necessary, order the case remanded to the Chairman of the Commission for an amendment to her petition and rehearing.   The case, however, was fully heard on evidence as to both injuries and their relation to the infection, which resulted in the employee's death.   No surprise or disadvantage to the respondents was claimed at the hearing or is apparent from the printed record by reason of the testimony offered as to the injury to the lower leg.

The petition may, therefore, be considered amended, *Morin's Case*, 122 Maine, 338, 342, whereupon, the Chairman's findings having some competent evidence to support them, the mandate of this court must be:

> *Appeal dismissed with costs.*
> *Decree below affirmed.*