ELZEAR DESROCHERS *vs.* ATWOOD-CRAWFORD CO.

NOVEMBER 10, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Workmen's Compensation Act.   Notice.   Accident and Mistake.*

March 24 petitioner suffered from an accident to his eye.   April 17 the eye was removed.   For the next five or six days petitioner was in bed with bandaged eyes and for two weeks thereafter wore smoked glasses and did not leave the house.   Written notice was not given the employer under the statute.   Petitioner testified that he did not give notice because he "was afraid he would lose his job", and it appeared also that he regarded the injury as trivial:—

*Held,* that on the facts the lower court correctly found that petitioner was excused by reason of accident and mistake from giving the written notice.

*(2)   Workmen's Compensation Act.   Notice.   Accident and Mistake.*

Under the Workmen's Compensation Act the trial court exercising its judicial discretion may find that a petitioner was excused from giving notice

of the accident if the court believes that failure to give notice was fortuitous and has not deprived the employer of the opportunity to fully and fairly prepare and present his case.

(3)  *Workmen's Compensation Act.    Finding of Facts.*

If there was any evidence to support a finding of fact by the lower court, such finding is conclusive.

(4)  *Workmen's Compensation Act.    Burden of Proof.*

On the question whether an accident to one eye of petitioner accelerated the disease already existing in the other eye, petitioner had the burden of proving the causal connection of the accident with the alleged acceleration of the disease in the other eye.

PETITION under Workmen's Compensation Act.  Heard on appeals of both petitioner and respondent and appeals denied.

BARROWS, J.  These are "Workmen's Compensation" appeals by petitioner and respondent.  Petitioner's claim in the Superior Court was that an acute glaucoma was produced by getting a particle of sawdust in his right eye, already blind from chronic glaucoma and that the mishap accelerated the failing vision in his chronically glacomatous left eye, finally causing total blindness.  He asked for compensation for the removal of the right eye, the time necessary for recovery from the operation, and permanent disability by reason of total blindness.  The first two claims were allowed and the third was disallowed.

The accident of which no one but petitioner had knowledge occurred on Saturday, March 24, 1923, at about closing time.  Petitioner was blowing sawdust from a woodworking machine.  He worked the following Monday and Tuesday but his right eye was sore.  Wednesday he did not go to work and was suffering intense pain in the right eye.  Acute glaucoma is one of the most painful of diseases.  Chronic glaucoma is not accompanied by pain.  Until April 17, petitioner's right eye was treated by medical men and oculists.  On the latter date the doctor removed the eye.  For the next five or six days petitioner was at home in bed with bandaged eyes and for two weeks thereafter he wore

smoked glasses and did not leave the house. Acute glaucoma never affected the left eye which would have become blind, as had the right eye, in the natural progress of the chronic glaucoma "without any accident". After the operation petitioner for six months could see partially with his left eye. His sight was much the same as before the accident but with constantly failing vision. At the time the petition was heard he could only distinguish light from darkness. He is now totally blind.

Written notice of the accident was not given the employer. The lower court on this phase of the case said: "We think the petitioner was excused by reason of accident or mistake from giving the written notice required by the statute". Petitioner testified that he did not give notice because he was "afraid he would lose his job" and because he "thought his eye would be good enough to go to work again so he did not want to sue the company". A careful reading of the entire evidence indicates that he meant by the latter that during the portion of the thirty days prior to the operation he believed his injury was only trivial, temporary and to the right eye which was already useless. He later believed it had affected his left eye.

Three questions are raised. (1) Was failure to give notice excused? (2) Did the accident accelerate the failing sight in the left eye? (3) Did the accident cause the removal of the right eye?

There is no merit to petitioner's claim that the Superior Court failed to mention total disability in its rescript. There was no necessity therefor unless it resulted from the accident. Irrecoverable loss of sight in both eyes was agreed upon. If a result of the accident, total disability was conclusively proven. G. L. 1923, Chap. 92, Art. II, Sec. 10.

(1)     Giving of written notice of the accident within thirty days, stating the time, place and cause of the injury is required by G. L. 1923, Chap. 92, Art. II, Secs. 17 and 18. It may be excused if prevented by "accident, mistake or

unforeseen cause". Respondent's position is that in the
light of petitioner's above testimony he was not excused.
It refers us to a case relating to failure to make claim but
much like failure to give notice in principle. *Lingley* v.
*Thomas Firth & Sons Ltd.*, 13 B. W. C. C. 367, where the
excuse for failing to make a claim was because of fear of
loss of job. The claimant in that case however was never
physically absent from work and the court held the excuse
was not reasonable. It also calls our attention to the
*Mary Carroll* case, 225 Mass. 203 (1916), where the actual
decision favored respondent but the present question was
not before the court. The liberal attitude of the court,
however, in considering what might constitute a reasonable
excuse is set forth at page 207.

The case of *Donahue* v. *R. A. Sherman's Sons Co.*, 39
R. I. 373, has considered carefully the Rhode Island cases
on accident, mistake and unforeseen cause generally and the
meaning of these words specifically in the Workmen's
Compensation Act. It has determined that they are to be
liberally construed and has been followed not only by us in
*Goldense* v. *Way*, 110 Atl. 404, but in Maine and New
Hampshire as well. *Barber* v. *Jones Shoe Co.*, 108 Atl. 690
(N. H.); *Wardwell's Case* (Me.) 116 Atl. 447. The courts
so holding do not intend to encourage disregard of the
provision requiring notice. We said in the Donahue case,
at page 378, "In no proper construction of our statute
should it be held that every accident or every unforeseen
cause however slight would amount to an excuse". Notice
is often necessary to enable the employer to check up the
facts of the alleged accident. Notice is as helpful to the
employee as to the employer. If the requirement of notice
is readily to be avoided none but perfectly healthy men can
be safely employed where accidental physical disability may
occur as here without the knowledge of the employer. As
pointed out, however, in the Donahue case, we are not
dealing with a situation where the legislature has made an
inexorable requirement of written notice. The Superior

Court in the first instance, and this court on appeal, if the facts are undisputed, may find that an excuse for failing to give notice fairly may be attributed to accident, mistake or unforeseen cause.  As shown by the dissent in the *Donahue* case, what seems like a reasonable excuse to one jurist may not so seem to another.  Since the *Donahue* case, however, our holding has been that the trial justice, exercising his judicial discretion, correctly may hold that petitioner is excused from giving notice if the Judge believes that failure to give notice was fortuitous and has not deprived respondent of the opportunity to fully and fairly prepare and present his case.

The statute gave petitioner a full thirty days from March 24, 1923, within which to file written notice.  He expected up to the time of the operation, on April 17, to return to work.  Thereafter his physical condition was such for the balance of the thirty day period that it seems to us unreasonable to say that he should have turned his mind to business of any nature.  Failure to testify that physical disability was one of the reasons for not giving notice can not alter the facts relating to his physical condition which are unquestioned in the evidence.  It was unforeseen to petitioner that his physical condition during the last week of the thirty day period would render him incapable of giving the notice.  When well petitioner could read but not write and it would be an illiberal construction of the words used in the act to say that petitioner on penalty of losing the right to compensation should have found someone to write and deliver a notice of the accident as he lay in bed with eyes bandaged; particularly when failure to do so has not deprived the employer of any opportunity to learn the facts surrounding the accident.

The second question is whether the accident to the right eye accelerated the disease already existing in the left.  This was a question of fact to be determined on the evidence.  If there was any evidence to support it the finding of the Superior Court thereon was conclusive.  *Jillson v. Ross,*

38 R. I. 145. On this point the Presiding Justice said: "We think it is doubtful if the accident accelerated the glaucoma of the left eye, but if it did, we are unable from the testimony to estimate the time in which the progress of the glaucoma of the left eye was accelerated". Petitioner urges that his language does not give the grounds of the findings as required in *Dodge* v. *Barstow Stove Co.*, 40 R. I. 191, or if it does attempt to give them he construes the language to mean that the judge conceded an acceleration of trouble with the left eye but refused to find in petitioner's behalf because he could not fix the added rate of progress. The first ground stated by the court clearly is doubt of the legal proof of any acceleration. A careful reading of the evidence makes this finding almost inevitable. Petitioner had the burden of proving the causal connection of the accident with the alleged acceleration of the disease in the left eye. *Corral* v. *Hamlyn*, 94 Atl. 877; *Corria* v. *Fink Bros.*, 45 R. I. 80. When the Superior Court said that it was in doubt whether the accident accelerated the existing disease in the left eye, the language could have meant only that the evidence did not tip the scales to petitioner's side. *Gilbert* v. *Hayward*, 37 R. I. 303; *Corria* v. *Fink Bros.*, 45 R. I. 80; *McClary* v. *Hubbard*, 122 Atl. 469 (Vt.). The other portion of the Judge's statement was a second reason given by him for the finding against petitioner as to the left eye. Much space has been given and numerous authorities cited in petitioner's brief to prove the incorrectness of this second reason. The question, however, need not be decided on this record. The first doubt was sufficient to preclude petitioner from a recovery for injury to the left eye.

The court found that the accident caused the removal of the right eye and the consequent loss of time while it was healing. With this finding no serious fault was here found and it is sufficient to say that it is supported by evidence.

Both appeals are denied. The final decree of the Superior Court is affirmed and the cause is remanded thereto for further proceedings.

*R. DeB. LaBrosse*, for petitioner.

*Tillinghast & Collins*, for respondent.