## BUTTS' CASE.

### Franklin.    Opinion March 30, 1926.

*Failure to give notice to the employer of the injury required by statute, under
Section 17 of the Workmen's Compensation Act, it not appearing that the employer
or his agent had knowledge of the injury, bars one from being entitled to compensation,
unless such failure to give such notice was due to accident, mistake or unforeseen
cause.*

On appeal.   Petitioner alleged in his petition dated August 22,
1925, that on or about April 20, 1925, while employed by the Lawrence
Plywood Corporation, at Carrabasset, he received an injury by acci-
dent by being struck in the left eye by a splinter flying from a piece
of wood which he was planing.   No notice of the accident was given
to the employer within thirty days as required by the statute, nor
did the employer or its agent have any knowledge of the accident,
nor did it appear that the failure to give such notice was due to
accident, mistake or unforeseen cause.   Compensation was awarded
and from an affirming decree an appeal was taken.   Appeal sustained.

The case fully appears in the opinion.

*McLean, Fogg & Southard,* for petitioner.

*Eben F. Littlefield,* for respondents.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY,
BARNES, JJ.

PHILBROOK, J.   On August 24, 1925, Leon H. Butts filed with the
Industrial Accident Commission a petition for award of compensa-
tion for a personal injury, by accident, arising out of and in the course
of his employment.   He stated in his petition that a "sliver of wood
flew from planer and struck me in the eye," and further stated, as a
result of the injury, "I believe was cause of ulcer which formed on
my eye five weeks previous to the time it bothered me."

After hearing before the Chairman of the Industrial Accident
Commission, on October 15, 1925, compensation was ordered in the
sum of sixteen dollars per week, commencing May 30, 1925, and con-

tinuing for a period of one hundred weeks because of the loss of vision of his left eye due to the injuries received by Mr. Butts as alleged in his petition. Compensation was also ordered for medical, surgical and hospital services according to the provisions of Section 10 of the Workmen's Compensation Act.

After formal decree by a justice of this court, as provided by statute, an appeal was taken to the Law Court by the employer and the insurance carrier.

Within the time required, and before hearing, the appellants filed their answer claiming that compensation ought not to be granted because;

1. The petitioner did not receive a personal injury, by accident, arising out of and in the course of his employment as alleged in said petition;

2. The petitioner failed to notify the respondent employer of a personal injury by accident, arising out of his employment, within the statutory period.

### Proof of Compensative Injury.

It is well settled law that the person petitioning for relief under a workmen's compensation act has the burden of proving the essential facts necessary to establish a case. Hence, he must adduce evidence to show that the injury was the result of accident arising out of and in the course of the employment, within the requirement of the act. *Mailman's Case*, 118 Maine, 172.

In the determination of questions of fact the Chairman of the Industrial Accident Commission is permitted to draw such inferences from the evidence, and all the circumstances, as a reasonable man would draw. *Adam's Case*, 124 Maine, 295; *Sanderson's Case*, 224 Mass., 558.

In determining the sufficiency of evidence doubts should be resolved in favor of the petitioner. *Corrall* v. *Hamlyn & Son*, (R. I.), 94 Atl., 877. There must be some competent evidence to support a decree. It may be slender, but it must be evidence, not speculation, surmise, nor conjecture. *Mailman's Case*, supra.

In the absence of fraud, the decision of the Chairman of the Industrial Accident Commission upon all questions of fact shall be final. Section 34 of Maine Workmen's Compensation Act.

Analysis of the evidence in detail would be of little interest to others except the parties to this cause, but we feel amply justified in deciding, after an examination of the evidence, in the light of the legal principles herein stated, that the finding of the Chairman of the Industrial Accident Commission upon this branch of the case should not be reversed.

NOTICE OF PERSONAL INJURY TO EMPLOYER.

Under the provisions of Sections 17, 18 and 20, of our Compensation Act, no proceedings for compensation for an injury under the Act shall be maintained unless a notice of the accident shall have been given to the employer within thirty days after the happening thereof, which notice must be in writing, but want of such notice shall not be a bar to such proceedings if it be shown that the employer, or his agent, had knowledge of the injury, or that failure to give such notice was due to accident, mistake or unforeseen cause.

In his petition for award of compensation, dated August 22, 1925, the petitioner states that the personal injury, for which he claimed compensation, occurred on or about the twentieth day of April, 1925. In that petition he gave written answers to the following questions;

1. "Did employer have notice in writing of the accident? No.

2. "Did employer have knowledge of the injury? Not to my knowledge."

From the answer to the first question, and from the evidence presented, it must be regarded as conclusively shown that the petitioner never gave the written notice required by the statute.

Did the employer have knowledge of the injury? As above seen, the petitioner declared that such knowledge did not exist so far as he was aware. The accident actually occurred on the twentieth of April but the eye, although painful and inflamed, did not bother Mr. Butts to the extent that he could not work until about the twenty-fifth of May. At or about that time he told Mr. Kimball, the superintendent of the mill, that he must see a doctor but he did not tell him what the trouble was or why his eyes were inflamed. In fact, according to his own testimony, he does not know that he ever told Mr. Kimball how or why his eyes were inflamed, and when asked why he did not tell Mr. Kimball, about the twenty-fifth of May, as to how he was injured, his reply was "I didn't think about getting

hurt there at the time. I didn't think it would amount to anything."
Again, he was asked, "You didn't tell Mr. Kimball, then, you had
had a blow on the eye?" to which his anwer was, "No. I never told
him I had a blow on the eye." At this point the Chairman of the
Commission, who was hearing the case, said:

"Under the provisions of the Workmen's Compensation Act, Mr.
Butts, in order for a man to obtain compensation, it is necessary for
him to give his employer notice of the accident within thirty days of
the accident, or else give him some information so he will know the
nature of the injury in a reasonable time. If you have never notified
your employer up to date how you were injured, or told the insurance
company how or when you got hurt you would not be entitled to
compensation. It is necessary for the employer to have information
regarding the injury in order to make him liable for compensation.
That is why I am asking you when you first told anybody what your
condition was due to, that you now claim, is due to a blow on the eye.
If I understand your statement, the only man you ever told was on
August 13th when you told the man who came to see you from the
insurance company that your eye was injured."

With this suggestive statement before him the petitioner said, "I
told the doctor, Doctor Cartland, at the time I was injured in the
eye, and when it was, and I told Doctor Miller." But he had just
testified that he told Dr. Cartland, whatever he did tell him, on the
25th of May, and Mr. Kimball testified that it was about that date
when he noticed the petitioner rubbing his eyes and then Mr. Kimball
called Dr. Cartland. Mr. Kimball also testified that when he noticed
the petitioner rubbing his eyes there was nothing said about a sliver
getting into petitioner's eyes, that he simply knew that there was a
bad condition of petitioner's eyes and he sent for a doctor. He also
testified he sent his report because of a request to send a report when-
ever a doctor was called to the mill. Doctor Cartland testified that
he first saw the petitioner about the twenty-fifth of May, did not get
any history of the case from the patient, and could not tell whether
the condition of the eye was due to traumatic injury or some systemic
condition.

This comprises all the essentials of the testimony relating to the
notice required, and it does not appear that the employer had knowl-
edge of the traumatic cause of the injury, nor that the failure to give
notice was due to accident, mistake or unforeseen cause.

The answer filed by the respondents was sufficiently broad to admit of testimony relating to failure of knowledge by the employer.

*Appeal sustained.*
*Decree below to be reversed in accordance with this opinion.*