CLARENCE CASPAR *vs.* EAST PROVIDENCE ARTESIAN WELL COMPANY.

DECEMBER 8, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. This is an appeal from a decree awarding compensation to the petitioner under the Workmen's Compensation Act. (G. L. 1923, C. 92.)

The evidence and the findings of fact by the Superior Court establish the following facts. Petitioner, a well driller in respondent's employ, on September 8, 1926, in the course of his employment was struck in the leg by a truck wheel which he was removing. He continued at his work and did not examine his leg until several hours later. He then discovered that there was an abrasion on his leg and that his underclothes were soaked with blood. That night he washed the abrasion with a lotion given to him by his wife. He continued to work for a week; his leg hurt a little each morning but not so much after he began to move around.

On September 15th, while at work, he became feverish and ill; he drank a large amount of water, which was supplied by the employer to the workmen in barrels which at sometime had contained soap. He told Harris, the owner of the respondent company, that he did not feel well and in the afternoon he was taken to his home. Petitioner at once called a doctor and told him, among other things, about the abrasion on his leg. Within a week or two he consulted two other doctors. Three days after he had stopped work Harris came to see him and asked to see his leg. Petitioner was in bed; he said nothing about the abrasion, the marks of which had then disappeared. Harris, after looking at his leg, said he would send his own doctor to him and that he must do what this doctor told him to do. Respondent's doctor examined petitioner in his home, October 6th, and advised him to go to a hospital at once. Petitioner told respondent's doctor on his first visit that he had suffered an injury from a wheel falling off a truck. At this time the

doctor saw no abrasion but did see that there was an inflammation of the leg which was caused by some infection. The doctor after two or three visits induced petitioner to go to the hospital, where on October 12th he was operated upon. He remained in the hospital until November 17th and has since been unable to work except for one period of a few weeks.

Petitioner is an ignorant man; he can not read or write. He thought his illness was caused by drinking impure water and so stated to all of the doctors who attended him; he did not believe them when they told him he was mistaken. The infection and the resulting blood poisoning undoubtedly arose from the abrasion. But petitioner's failure to connect cause and effect in these circumstances was not unnatural. The act (sections 17-20) provides that no proceedings for compensation for any injury shall be maintained unless notice in writing thereof shall have been given to the employer within thirty days after the happening of the injury; but that want of notice shall not be a bar to such proceedings if the employer or his agent had knowledge of the injury or if the failure to give such notice was due to accident, mistake or unforeseen cause. The petitioner did not give the written notice prescribed by the act. The trial justice in his rescript finds that the injury resulted from the abrasion, and that there was a mistake on the part of the petitioner in recognizing the character of the injury, which excused the giving of the notice. The decree was prepared by counsel for petitioner. Among other findings of fact, it contained a recital that the employer had knowledge of the injury. Counsel for petitioner states that this recital was due to his mistake in preparing the decree and this appears to be the fact. Sec. 10, Art. III of the act provides that the Supreme Court after hearing an appeal may reverse, affirm or modify any decree or frame a new decree.

We shall consider this appeal upon the real question raised upon the findings of fact in the rescript and disregard the error in the decree. The only question of any conse-

quence is in regard to the finding that there was a valid excuse for the failure to give notice. The Workmen's Compensation Act became a law in 1912. In *Donahue* v. *Sherman's Sons Co.*, 39 R. I. 373, decided in 1916, the statutory provisions with respect to notice were considered at length by this court and the construction of the act then made has since been approved in *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116 (1925). The law as thus settled is that the giving of the statutory notice is a condition precedent to a right of recovery unless (1) the employer has knowledge of the injury or (2) the employee has a valid excuse for his failure to give notice, which was due to accident, mistake or unforeseen cause. The burden of proof is on the employee to show a reasonable cause for the want of notice. Whether there is such reasonable cause is to be decided by the Superior Court in the exercise of its judicial discretion. An inconsiderable accident or mistake will not support an excuse under the act; if the neglect to give notice results in a prejudice to the interests of the employer, the reason to support an excuse must be very substantial. In the case at bar it seems probable that the employer had knowledge of the injury; but it is not necessary to decide that question as we think the decision of the Superior Court that petitioner had a valid excuse is correct.

The employee, in this case, acted in good faith; he did not know the cause of his injury and did not connect it with his employment until it was too late to give the written notice. He made no claim on his employer because he was ignorant of the fact that he had any claim. To hold the employee to strict compliance with the thirty day limit for notice in such a case we think would be unfair and contrary to the intent of the act. The result of such a strict construction of the act would be to induce the employee, if he wanted to guard his rights, to report to his employer every trivial scratch or injury received in the course of his employment and thereby cause confusion and unnecessary expense to the employer.

A new and corrected form of decree, conforming to the findings of fact of the Superior Court in its rescript, may be presented to this court on December 14, 1927, for entry in the Superior Court.

*LeRoy G. Pilling,* for petitioner.
*Gardner, Moss & Haslam,* for respondent.