FARWELL'S CASE.

Kennebec.     Opinion August 22, 1928

*Andrews, Nelson & Gardiner*, for petitioner.
*Arthur J. Cratty,*
*Robinson & Richardson*, for respondent.

SITTING: WILSON, C. J., DUNN, DEASY, BARNES, PATTANGALL, JJ.

DUNN, J. The appeal in this case is by the claimant, to whom the finding of an Industrial Accident Commission member is adverse.

There was evidence tending to show, indeed the evidence was uncontested, that the claimant had been employed under an oral contract as a waitress in the respondent hotel company's hotel at Belgrade for about six weeks prior to the accident. There was also undisputed evidence that the scope of the occupation of waitresses at the Belgrade hotel was broader than merely doing table work. Examples of the expanded work there were those of shining silver, cleaning the floor of the dining room, preparing vegetables, picking flowers, carrying laundry, and doing errands; the hours of duty of waitresses being as long as those of chambermaids, but with intermissions for the waitresses in which they were free to go and come to suit themselves, after they had been excused from the dining room, unless there was something more wanted. The claimant testified that her engagement for services comprised as much; that she was bound contractually to do whatever she might have been asked to do, by the hotel manager, any subordinate of his, or for that matter any guest, whenever asked. A typewritten statement signed by the claimant while in the hospital may not be so comprehensive. This, however, is not now of moment.

On the fifth day of August, 1927, the claimant, on completing her work in the dining room about nine o'clock at night, went to her room in a cottage near the hotel, and from there to the drug store and post office. When returning to the room, between ten and eleven hours of the clock, and while passing the hotel, the manager called her to the piazza and requested that she find the watchman, give him in turn the key to the medicine closet, that he

might send a bell boy with bromo-seltzer to be used as a relief for headache. On her way to find the watchman the claimant fell into a coal chute and fractured her right leg.

An all-denying answer was filed against the petition for compensation.

In dismissing the petition, on the ground that the accident did not arise out of and in the course of claimant's duties within her contract of employment, the commission member in speaking of the claimant's testimony, says: "She stated that no mention of such work was made to her at the time of the employment." Obviously from the context the meaning of "such work," as the member used the words, was carrying the message to the watchman.

The situation is not one where the commission member concluded from the evidence as it stood, to be or not to be believed by him, that the accident arose outside the contract and therefore did not come within the benefit of the act, in which event the finding should not be disturbed, except for fraud, since the commission member is the sole judge and the "final" judge of the facts, but rather is the case that, amid the numerous matters heard, of necessity in a speedy, summary, and informal way, the member misunderstood and misstated the testimony of the claimant in an important respect, and upon the misunderstanding based his decision denying compensation. That is error of law. The Supreme Court of New York, Appellate Division, has held that in proceedings under the Workmen's Compensation Law, where the determination as to facts does not rest on the facts presented and admitted and the inferences reasonably deducible therefrom, such determination may be reversed as legal error. *Gardener* v. *Horseheads Const. Co.*, 156 N. Y. S., 899. On the point involved in this case that case is cited with approval.

Other aspects of the record need not be considered. Sufficient unto present purpose is it to say that the appeal is sustained, the decree below reversed, and the case remitted to the Industrial Accident Commission.

*So ordered.*