FARWELL'S CASE.

Kennebec.        Opinion August 19, 1929.

*Andrew, Nelson & Gardiner*, for petitioner.
*Arthur J. Cratty and Robinson & Richardson*, for respondents.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

BARNES, J.   The case is a second appeal, through the regular channel, from a decision of the Legal Associate Member of the Industrial Accident Commission dismissing the petition of an employee of the Belgrade Hotel Company.

It was first heard in October, 1927, the truth of allegations of accident being admitted, as well as the fact that the employer had due notice or knowledge of the happening of the accident, within the statute period. The petition was then dismissed, on the finding that the accident did not arise out of and in the course of petitioner's employment.

Upon appeal this court held that the Commissioner "misunderstood and misstated the testimony of the claimant in an important respect, and upon the misunderstanding based his decision denying compensation. That is error of law." *Farwell's Case*, 127 Me., 249.

Rehearing was had, and on December 12, 1928, a second decision of the Commissioner ordered the petition dismissed.

At the second hearing the case was submitted upon the record of the former hearing, without more except the addition of two affidavits of petitioner, one on disability and the other on expense in-

curred, and neither having evidentiary weight upon the issue here, the construction of the contract of employment.

No testimony was presented at either hearing on behalf of employer or insurance carrier. The contract of employment was oral and the evidence on this is the same as when reviewed before, and is stated with such fulness in our former opinion that it would serve no useful purpose to set it out here. And it is to be remembered that both parties to the contract testified.

As the legislature has prescribed, in the absence of fraud, the decision of the Commissioner upon all questions of fact shall be final. R. S., Chap. 50., Sec. 34.

His decision, however, must be based on facts proven by evidence and on natural inferences logically drawn therefrom.

"There must be some competent evidence. It may be slender. It must be evidence, however, and not speculation, surmise and conjecture."

While no general rule can be established applicable to all cases, certain principles are clear.

"If there is direct testimony which, standing alone and uncontradicted, would justify the decree there is some evidence, notwithstanding its contradiction by other evidence of much greater weight." *Mailman's Case*, 118 Me., 172; *Taylor's Case*, 142 Atl., 730.

"Whether the finding of fact is supported by legal evidence is the limit of passing in review." *Noe Gagnon's Case*, 125 Me., 16.

From known facts and from all the circumstances the Commissioner may draw "rational and natural inferences." *Mailman's Case*, supra; "such inference as a reasonable man would draw." *Sanderson's Case*, 224 Mass., 558.

"When the facts are assembled and stated, inference, as distinguished from mere conjecture, surmise or probability may be drawn by the Commissioner; but a finding by him can not stand unless the facts thus found are such as to entitle him reasonably to infer his conclusions from them." *Paulauski's Case*, 126 Me., 32.

Petitioner suffered a grievous injury, by accident, in the late evening, while bearing a message to the night watchman, as ordered by the manager of the corporation.

It was incumbent on her to prove that the accident befell her while serving within the scope of her employment.

She testified, the manager testified, and the steward testified that she was employed to wait on tables, and to do any other work that might be required of her by the manager or the head waiter when not engaged in table work.

There can be found in the record no evidence that she could not be required to serve after the dining room was closed at night, or that the field of her employment was less extensive than as stated by her.

The veracity of witnesses is for the Commissioner, but if he rejects none of the testimony the determination whether or not the service rendered is such as is within the contract as the same is proved by the testimony is a question of law.

If the Commissioner's conclusion was of law from the facts stated in the testimony, assuming it to be true, there is error. *Kelley's Case,* 123 Me., 261; *Paulauski's Case,* supra; *Shaw's Case,* 126 Me., 572.

The Commissioner recites testimony in the decree under inspection, but he does not state that he rejects any.

If the Commissioner's conclusion is one of fact, it must be of facts deduced by him, for the only ground on which the decree can rest is that on the evidence the Commissioner drew the deduction that the errand on which the petitioner was busied was a gratuitous accommodation, an act to which she was urged by feelings of humanity, and not a service which she had contracted to perform.

If logical inferences from the testimony could be drawn to substantiate such a conclusion, the decree should stand.

But the case affords no evidence to support the decree and none from which a rational mind, functioning logically, may infer that the service rendered at the time of the accident did not arise out of and within the course of petitioner's employment.

After reciting much of the manager's testimony the Commissioner does not state that he discards any testimony, but recites, — "From all of which, plus all the other evidence in the case, we do not believe that the errand being run at eleven o'clock at night for Mr. Charles A. Hill, was any part of this employee's duties, etc."

If a conclusion of fact it is without statement or inference upon which it may stand,

> *Appeal sustained.*
> *Decree below reversed.*
> *Case remanded to the Industrial*
>   *Accident Commission.*