JOSEPH J. McNIFF
*vs.*
TOWN OF OLD ORCHARD BEACH ET AL.

JOSEPH J. McNIFF
*vs.*
CLINTON C. MEWER, AGENT, ET AL.

York.    Opinion, March 23, 1942.

*Thomas F. Sullivan,* Biddeford, for the plaintiff.

*William B. Mahoney,* Portland, for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MURCHIE, J.   This appeal from a *pro forma* decree entered by a justice of the Superior Court under the Workmen's Compensation Act brings to the Court the question of the right of an employee to recover compensation for disability resulting from a femoral hernia under either of two petitions, one filed against the town in which he was employed on July 12, 1941, the date of the alleged injury, and the other against the agent for that town, wherein identical allegation is that accidental injury was caused by shoveling sand and peat in a ditch and throwing it up nine feet onto a platform.

The petitions were filed and heard together. They were dismissed in a single decree both by the Industrial Accident Commission and in the Superior Court, and the appeal brings both of them to this Court although a stipulation entered before the Accident Commission recites that the appellant was an employee of the town and that the petition against the agent should be dismissed without prejudice. As to that petition, appeal must be dismissed since the stipulation establishes the fact that the petitioner was not at the time of the alleged accident an employee of the agent named therein as his employer.

The case requiring consideration arises on the petition which names the town as the employer and involves the single issue as to whether the injury described therein was suffered as the result of an industrial accident within the purview of the Workmen's Compensation Act.

On this issue the employee has the burden of proof: *Westman's Case,* 118 Me., 133, 106 A., 532; *Mailman's Case,* 118

Me., 172, 106 A., 606; *Dulac* v. *Dumbarton Woolen Mills et al.*,
120 Me., 31, 112 A., 710; *White* v. *Eastern Mfg. Co. et al.*, 120
Me., 62, 112 A., 841; *Johnson* v. *State Highway Com.*, 125 Me.,
443, 134 A., 564; *Paulauskis' Case*, 126 Me., 32, 135 A., 824;
*Ferris' Case*, 132 Me., 31, 165 A., 160; and notwithstanding
the general rule declared in the statute, as in decided cases,
that the factual findings of the Industrial Accident Commis-
sion shall be final in the absence of fraud, R. S. 1930, Chap. 55,
Sec. 36; *Mailman's Case*, supra; *Gauthier's Case*, 120 Me., 73,
113 A., 28; *Gray* v. *St. Croix Paper Co. et al.*, 120 Me., 81, 113
A., 32; *Brodin's Case*, 124 Me., 162, 126 A., 829; *Martin's Case*,
125 Me., 49, 130 A., 857; *Weliska's Case*, 125 Me., 147, 131 A.,
860; *Butts' Case*, 125 Me., 245, 132 A., 698; *Mamie Taylor's
Case*, 127 Me., 207, 142 A., 730; *Farwell's Case*, 128 Me., 303,
147 A., 215, the finding now under consideration, stated in the
decree of the Commission in the words:

> "From the evidence, it seems to us unlikely that the
> hernia was the result of any strain or intra-abdominal
> pressure resulting from the throwing of the shovelful of
> dirt to the surface of the ground at the time he (the ap-
> pellant) felt the pain. It seems to us * * * more probable
> that it came about gradually over a period of some con-
> siderable time * * * than that it was referable to a single
> exertion, or even the exertion of a single day; and we so
> find."

is reviewable within the exception that a finding of fact which
is *against* a petitioner, and which therefore is based upon deci-
sion that the burden of proof as to a particular fact alleged has
not been satisfied, is not conclusive. *Orff's Case*, 122 Me., 114,
119 A., 67; *Farwell's Case*, 127 Me., 249, 142 A., 862; *Ferris'
Case*, supra; *Weymouth* v. *Burnham & Morrill Co. et al.*, 136
Me., 42, 1 A., 2d, 343.

The controlling factor in the instant case lies in the obvious
correctness of the decision of the Commissioner who heard the
cause. The record discloses that on the day of the alleged acci-

dental injury, the appellant had been working at the particular job less than two weeks. His own testimony is very positive that his condition was all right when he went to work on the day in question and that the hernia resulted "then and there" when he pitched up a particular shovelful of heavy sand. The medical testimony, however, is all of contrary import. The surgeon who "repaired" his hernia testified only that it was possible it resulted from "the accident"; that he could not answer as to whether that was probable although there was a probability of it; and that it was *reasonably certain* the condition was caused *by the employment*. This is not to say that it was caused by the exertion applied to the lifting or pitching of a particular shovelful, or even by the accumulation of the liftings and pitchings of a particular day. Medical testimony offered in defense by a physician, admitted by appellant's counsel to be qualified, was that it was impossible for the employee to start with a normal femoral canal when lifting a shovelful of dirt and have a hernia by the time he had pitched it up; that femoral hernias develop by gradual stretching of the peritoneum over a weak spot in the abdominal wall; that such development could not occur in a few minutes, or even a few hours, "from scratch"; and that development in the particular case was "a matter of weeks, on the inside, and might be a good deal longer than that."

This testimony obviously, from the language used by the Commissioner in declaring his finding, is that which he believed carried that trustworthiness, weight and credibility which were necessary to make it convincing. *Mailman's Case,* supra; *Hull's Case,* 125 Me., 135, 131 A., 391. The case is strikingly like that presented in *Middleton's Case,* 136 Me., 108, 3 A., 2d, 434, where no medical testimony was available to determine whether the hernia alleged as the basis of the disability for which compensation was sought was the recurrence of an old one, which had resulted from industrial accident, or a new and different one. Compensation cannot be awarded upon the possibility, or upon evenly balanced chances, that the oc-

currence was an accident. *Syde's Case,* 127 Me., 214, 142 A., 777; *Ferris' Case,* supra.

Final decision in *Farwell's Case* (127 Me., 249, 142 A., 862; 128 Me., 303, 147 A., 215) which twice came before this Court on decisions against the petitioner and was twice sent back to the Industrial Accident Commission because the decisions there showed that the evidence had been misunderstood, or had been misinterpreted to draw an obviously erroneous inference (neither of which is the case here), is not opposed to this general rule. In the second of the *Farwell* cases, supra, the opinion noted that while the decision of the Commission recited certain testimony, it did not state that any was rejected, nor was there any inference of such rejection. Here it is clear that the positive testimony of the employee that injury resulted from the pitching of a particular shovelful of sand was rejected *in toto* and that the medical testimony as to possibilities and probabilities did not, in the opinion of the trier of the fact, satisfy the burden of proof. For this Court to interfere and say either that the testimony of the interested layman should be accepted as conclusive or that such indefinite affirmative medical testimony as was presented carried a necessary inference exactly opposite to that drawn by the Commissioner would be that very "usurpation" in which Mr. Justice Deasy in *Orff's Case,* supra, speaking for an unanimous Court, said we should not indulge.

*Appeal dismissed.*
*Decree affirmed.*