NEVADA INDUSTRIAL COMMISSION, Appellant,
v. PRICE E. ADAIR, Respondent.

No. 3595

April 17, 1950.                                    217 P.2d 348.

C. E. Horton, of Ely, for Appellant.

Morse & Graves, of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from a judgment of the district court that plaintiff Adair recover from Nevada Industrial Commission disability compensation, which the commisson had rejected in toto. The appeal is also from the order denying new trial.

We have limited our consideration of this appeal to the question of whether, under the pleadings and the evidence, the district court was justified in its findings and conclusions to the effect that, although the respondent plaintiff mailed an unregistered notice of the accident of May 25, 1945, to the commission on July 2, 1945 (seven days late) which was received by the commission July 9, 1945 (fourteen days late) he was nevertheless entitled to judgment upon the finding and conclusion that respondent's employer had actual notice of the injury on the date of its happening. Appellant contends that by reason of the late filing, *unexcused by the commission,* the commission never acquired jurisdiction to allow the claim, and that in the district court the issue of excuse for the late filing was never raised—plaintiff having alleged the giving of notice within the thirty days required by the statute, and which was denied by the commission's answer.

Section 34½ of the Nevada Industrial Insurance Act, being Nevada Compiled Laws, sec. 2716, reads in part as follows: "Notice of the injury for which compensation is payable under this act shall be given to the commission as soon as practicable, but within thirty days

after the happening of the accident. * * * The notice shall be in writing and contain the name and address of the injured employee and state in ordinary language the time, place, nature and cause of the injury and be signed by said injured employee, or by a person in his behalf * * *. No proceeding under this act for compensation for an injury shall be maintained unless the injured employee, or some one in his behalf, files with the commission a claim for compensation with respect to said injury within ninety days after the happening of the accident * * *. The notice required by this section shall be served upon the commission, either by delivery to and leaving with it a copy of such notice, or by mailing to it by registered mail a copy thereof in a sealed, postpaid envelope addressed to the commission at its office, and such mailing shall constitute complete service; the failure to give such notice or to file such claim for compensation within the time limit specified in this section shall be a bar to any claim for compensation under this act, but such failure may be excused by the commission on one or more of the following grounds: (1) That notice for some sufficient reason could not have been made. (2) That failure to give such notice will not result in an unwarrantable charge against the state insurance fund. (3) That the employer had actual knowledge of the occurrence of the accident resulting in such injury. (4) That failure to give notice was due to employee's or beneficiary's mistake or ignorance of fact or of law, or of his physical or mental inability, or to fraud, misrepresentation or deceit."

The evidence amply supported the findings as to the claimant's employment as a carpenter's helper by J. M. Montgomery & Company, Inc., which company succeeded Basic Magnesium Inc., and was such employee on May 25, 1945, the date of the accident, and that he was injured while engaged in his employment. The injury occurred in the hanging of a heavy door in which two other carpenter's helpers or assistants were engaged, as was also the foreman or general superintendent of the carpenter

department. The injured man was at once taken in a pickup truck to the first aid station maintained by his employer, and to "the first aid man" there, was assisted out of the truck and after a few minutes was taken in the employer's ambulance to the employer's hospital, maintained as such with the approval of Nevada Industrial Commission. He was received at the hospital by nurses there employed by his employer, and the chief physician appeared almost at once and directed him to be carried to a ward, saying, "He is a compensation case and he is injured." After treatment for about eleven days a "Buck's traction" was applied to his legs, and the second day thereafter the rope or cord supporting the weights broke, resulting in a severe aggravation of the injury. Prior to this incident he was able to sit up in bed and to walk to the bathroom. After such incident, which caused severe pain requiring the application of a hypodermic for relief, he was unable to sit up or to leave his bed. Later he was sent to the Good Samaritan Hospital at Los Angeles for almost a month and was then brought back to the hospital at Henderson. Shortly after that, upon instructions of the doctor in charge and without his consent, he was removed from the hospital and taken to his home.

Under date of July 2, 1945, and while at the hospital, he wrote the following letter to the Nevada Industrial Commission, which was received by the commission by regular mail July 9, 1945:

"July 2, —45

"I was hurt by lifting a heavy door on may 25—45 Was brought to hospital at once. I was on the Job When hurt. the attending *Doctor* is not agreed on mr Thatchers decision of the case an neather am I and I Would like very much for you to review the case With Dr. Hennington at your earliest convenience

"thanking you I remain

"sincerially yours

"Price Adair
"Henderson, Nevada box 964

"P.S. Also a traction Weight of about 50 lbs. droped an Jerked my back here at hospital an caused quite a bit of injury I am sure (over) I am still in Hospital an Dr Hennington advised me to Write you Personally thanking you in advance for you (review of the case with Dr. Hennington

"as ever

"Price Adair"

Appellant commission contends that under the clear provisions of N.C.L. sec. 2716, the failure to give the notice within thirty days after the happening of the accident (the last day being thus June 25, 1945) by writing, personally served or sent by registered mail, any claim for compensation under the act was barred. Of the four statutory grounds on any one of which the failure may be excused the trial court definitely found as a conclusion of law "that plaintiff was mentally and physically incapable of giving written notice of his accident prior to July 2, 1945"; also that the employer "had actual notice of plaintiff's injury on May 25, 1945." These comprise statutory grounds Nos. 1, 3, and 4. Respondent contends that the statutory ground of excuse No. 2, "That failure to give such notice will not result in an unwarrantable charge against the state insurance fund," also existed. Without implying that the other three statutory grounds did not exist, we confine our consideration to ground No. 3, the actual knowledge of the accident by the employer, because of the ample sufficiency of the evidence to support the trial court's finding of such knowledge.

The commission insists first that under the statute the failure of statutory notice may be excused only by the commission, that the jurisdiction to excuse the failure must first be invoked by the claimant's petition or request, and that without the excuse of the failure by the commission upon such petition or request the commission had no jurisdiction to make an award.

The letter or notice, as above seen, was dated seven days after the expiration of the statutory thirty-day

period, was not registered, and was received fourteen days after the expiration of the thirty-day period. Within these intervening days there fell Sunday, July 1, Sunday, July 8 and Independence Day, July 4. Bearing in mind the salutary purposes of the act, the letter conveyed or should have conveyed to the commission much more than the actual meaning of the words. It said as clearly as if expressed: "I am unschooled and unlettered. I am in the hospital maintained by my employer with your approval, whither I was taken on the day of the accident by my employer's agents and where I have since been treated by nurses and doctors who were and are my employer's agents for that purpose. I have at hand no copies of the Nevada Industrial Insurance Act or of your regulations or of any forms that I possibly should fill out. I am and have continuously been confined to my hospital bed. I must rely on others to do my errands, as likewise to stamp and mail this letter for me. If this letter is not in proper form nor in strict compliance with your requirements, I trust that you will consider the circumstances. My main concern is my recovery from my injury and the application of proper methods to that end * * *" Joseph Darrell Dayton, a member of the commission, called as an adverse witness by plaintiff, testified that after having talked with Mr. Hugh Thatcher, who was handling claims for Basic Magnesium Incorporated at that time, he called at the hospital and conversed with Adair and Dr. Hennington. His reason for seeing Adair was "because of an injury he had supposedly sustained out there."

This we think is a complete answer to the contention expressed in these words by the appellant: "The respondent having failed to file or serve written notice within the prescribed thirty day period, one further step at least was required before respondent could or would have exhausted the remedies provided for him by the terms of the Nevada Industrial Insurance Act, to wit, application, petition or request to be excused for such failure on any one or more of the grounds by said § 2716, N.C.L. 1929 provided."

Appellant concedes that the district court could have excused claimant's failure if the respondent presented grounds of excuse to the commission and the commission arbitrarily, unreasonably or wrongfully refused to consider or weigh such grounds of excuse, and says: "Had there been any arbitrary or unreasonable procedure on the part of the Nevada Industrial Commission in this case such matter would and, indeed appellant is sure, could have been made a matter of record * * *". But it made no record.

Respondent did file a *claim* within the statutory time. He did send a written notice which was either seven or fourteen days late. Implicit in that notice was the statutory excuse that the employer had actual notice on the day of the injury, and the commission produced at the trial of the action no record of any kind whatsoever, no evidence of any ruling, finding, conclusion or decision that it rejected the claim, or why. The only member of the commission who was called by appellant did not think he had ever before seen the claimant's letter of July 2, 1945. He stated only: "It has the Commission stamp. It may go to the claim clerk." So far as the record discloses, the claimant had no way of knowing the ground of the commission's refusal to allow compensation. Did it find that the relation of employer and employee did not exist? That the employer was not subject to the act? That the accident did not occur within the course or scope of claimant's employment? That the claimant suffered no injury whatsoever? That he filed no claim or that, if filed, it failed to comply with statutory requirements? That he gave no notice of the accident or that such notice, if given, failed to comply? That his notice, though late, sought an excuse therefor under one or all of the four statutory grounds, but that none of such grounds had any factual basis?

Appellant contends that Nevada Industrial Commission v. Demosthenes, 61 Nev. 355, 128 P.2d 746, is decisive of the main point of this appeal, namely, that pursuant to sec. 34½ of the Nevada Industrial Insurance Act, N.C.L. sec. 2716, the failure to give notice is a bar

to any claim for compensation. In the Demosthenes case the commission had denied all claim for accident benefits, as well as claim for compensation. Indeed it had refused to permit the claimant even to file a claim for compensation or benefits, claiming that the injured employee had not been reported in the payrolls of the employer, and refusing to listen to the employer's explanation that the employee had been employed after the filing of the employer's last payrolls. The district court in that case rendered judgment against the commission upon the employee's complaint, both for accident benefits (hospitalization, doctor's fees, etc.) and for $30, being one month's compensation for loss of employment. On appeal, Mr. Justice TABER writing the opinion, this court carefully reviewed many of the provisions of the Nevada Industrial Insurance Act and distinguished the provisions providing accident benefits from those providing compensation. Only in the last paragraph of a long and carefully considered opinion did the court give any consideration to the question of lack of notice on the part of the employee as barring his claim for compensation. This paragraph held simply: (1) That the *employer's report* did not constitute the required statutory notice signed by the employee; (2) that if "a proper notice" had been mailed in time and received by the commission, it would not have been invalidated because not sent by registered mail; (3) that the statutory notice was not given in any manner or at all; (4) that the commission's refusal to permit the filing of a *claim* afforded no excuse for failure to give the *notice;* and (5) that the filing of suit in the district court did not constitute a notice. The holding does not touch the question here presented to us, which deals entirely with the question of excuse for the employee's delay in mailing his notice.

Appellant relies on Oklahoma Ry. Co. v. Banks, 155 Okl. 152, 8 P.2d 17, 20. There the court held that where the failure to give notice was made an issue before the commission, it was its duty to hear the evidence and

make a finding in accordance with the facts, either excusing the failure *on statutory grounds,* or refusing to excuse the failure; and that as it had not excused the failure "it was without authority to make any award." The court further held, after an examination of the record, that there was no evidence of any excuse, but remanded the case for further hearing so that if the claimant had evidence to excuse the failure, he might have an opportunity to produce it. However, the court distinguished and impliedly approved an earlier Oklahoma case, Oklahoma Gas and Electric Company v. Thomas, 115 Okl. 67, 241 P. 820, in which lack of notice was held not to be jurisdictional where the employer had actual notice and suffered no prejudice. Likewise in a later Oklahoma case, Rucks-Brandt Const. Co. v. Price, 165 Okl. 178, 23 P.2d 690, the court held that the notice was not jurisdictional. Here, the court found, on substantial evidence, that the employer had notice on the day of the accident.

In justification of its contention that the commission never acquired jurisdiction to allow compensation in this case, appellant cites 71 C.J. 960, Workmen's Compensation Act, sec. 722(3) as follows: "Every statutory step for maturing a claim from the time of the injury to its final adjudication under the compensation laws is a mandatory requirement to the exercise of jurisdiction by the statutory agencies. 71 C.J. 960, section 722, citing In re Levangie, 228 Mass. 213, 117 N.E. 200; Maryland Casualty Co. v. Lafield, Tex.Civ.App., 29 S.W.2d 444; Employers' Indemnity Corp. v. Felter, Tex.Civ.App., 264 S.W. 137."

The C.J. citation is too general to be of assistance, and the Massachusetts case and the two Texas cases cited in support of the rule have to do with procedures in no way in point here.

■ For the purposes of this appeal we find it unnecessary to determine whether a request, either formal or informal, to be excused from strict compliance with the

thirty-day notice provision, was necessary to invoke the commission's jurisdiction to pass on such request, and so to consider the claim at all. The statutory ground for the commission to excuse the failure existed, namely, "that the employer had actual knowledge of the occurrence of the accident resulting in such injury." And we have no hesitancy in holding that the letter herein quoted brought such employer's actual knowledge directly to the attention of the commission. Other cases will have to stand on their own facts, but under the circumstances of this case, as disclosed by the record, the commission had authority and jurisdiction to act. It denied that it rejected the claim for compensation, and no proof of notice of rejection was put in evidence, but plaintiff testified that he had some one at the hospital telephone and try to get the commission's "man that was at the plant" to come and see him, but that this man sent word that plaintiff's "case didn't interest him in the least." Appellant called only two witnesses at the trial. One, a former nurse at the hospital, testified to a purported admission of plaintiff of a former injury of which the present one was simply a recurrence. Plaintiff denied it and the trial court apparently gave it no weight or credence. The other witness was a member of the commission and testified simply to the fact that no "employer's accident report" was ever filed. Appellant makes no reference to the latter testimony in its briefs nor was it mentioned in the oral argument. It is not asserted that the employer's failure to report the accident can prejudice the rights of the injured employee, though it is a fact that the statute requires the employer to make such report. We mention these matters to indicate the entire scope of the defendant's case at the trial. If it did not reject claimant's claim and notice, it at least ignored them. It admitted that it had paid no compensation. The trial court was justified in concluding that the commission had rejected claimant's explanation, though it showed immediate knowledge of the accident by the employer. This is implicit in the formal conclusions of law signed by the court, to the effect that the

injury was suffered in the course of and arising out of respondent's employment, that the employer on the same day had actual notice thereof and that respondent was therefore entitled to judgment.

■ The decisions are overwhelmingly in support of the rule that actual notice or knowledge of the injury brought home to the employer will excuse timely, formal notice. 71 C.J. 989, Workmen's Compensation Act, sec. 769, and note citing numerous cases from the courts of last resort from twenty-six states. Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; Ocean Acc. & Guaranty Corp. v. Nance, Tex.Civ.App., 25 S.W.2d 665.

Appellant contends that respondent's amended complaint is predicated squarely upon an allegation of notice within thirty days; that it is not predicated upon an excused or excusable failure to give the notice within thirty days; and that the court's findings and conclusions holding that one or more of the statutory excuses existed were outside of the issues and unwarranted. In support of this, appellant cites numerous cases adhering to the general rule that the findings and judgment must be within the issues made by the pleadings.

■ The rule of liberal construction of Workmen's Compensation Acts has been applied in numberless cases in this and other courts and in a great variety of occasions and circumstances, including matters of procedure. See, for example Caspar v. East Providence Artesian Well Co., 49 R.I. 8, 139 A. 470, 471, in which the Rhode Island Workmen's Compensation Act provided that no proceedings for compensation for any injury shall be maintained unless notice in writing thereof shall have been given to the employer within thirty days after the happening of the injury, but that want of notice shall not be a bar to such proceedings if the employer or his agent had knowledge of the injury, or if the failure to give such notice was due to accident, mistake or unforeseen cause. The notice was not given, and the evidence clearly showed that this was due to an excusable mistake, but the decree as drawn by plaintiff's counsel and signed by the court stated that the failure of notice

was excusable because the employer had actual knowledge—which was entirely contrary to the evidence. The supreme court said: "We shall consider this appeal upon the real question raised [the finding that there was a valid excuse for the failure to give notice] and disregard the error in the decree."

In American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121, 122, the verified complaint alleged notice pursuant to the provisions of the Workmen's Compensation Act. A variance was claimed because of lack of proof of notice. The court said: "No evidence of such notice was offered. But the answer denied and put in issue the fact of knowledge, the alternative requirement of section 7578 [Code 1940, Tit. 26, § 304], and the evidence and finding of fact was directed to that issue. No question of variance, therefore, arises." This compares very closely to what happened in the instant case, and the reasoning of the Alabama court appeals to us as reasonable. The amended complaint alleged notice to the commission within thirty days. The answer denied this. Plaintiff alleged his employment by his employer, the general nature of his work, the particular work he was engaged in at the time of the accident, and, in considerable detail, the accident and the injury, the immediate knowledge thereof by the employer, the taking of plaintiff immediately to defendant's first aid station, his removal therefrom in defendant's ambulance to the hospital maintained by defendant with the express permission of Nevada Industrial Commission, his treatment at the hospital by the nurses and doctor as employees of his employer, the aggravation of his injury by the negligent application and subsequent breaking of cords or ropes by which certain traction weights were attached to and suspended from his feet, etc., *all of which was denied by the commission's answer*. This, we think, put in issue before the court the question of the knowledge of the accident and the injury by the employer, as an alternative of the statutory notice. If

respondent had, at the conclusion of his case, asked leave to amend to conform to the proof, by alleging that the notice, though late, was excused by the notice to and knowledge of the employer and that appellant had arbitrarily refused to consider such excuse, the learned district judge would undoubtedly have granted such request.

Any other conclusion would necessarily involve a strict and harsh construction of the act rather than the liberal construction universally considered proper, having due regard to the remedial and salutary purpose of such legislation. Virden v. Smith, 46 Nev. 208, 210 P. 129. We should probably be reinforced in this conclusion were we to consider the sufficiency of the evidence to warrant the existence of the other statutory grounds of excuse for failure of strict statutory notice. We have noted that the court found the existence of two of the three additional statutory grounds, namely, the "physical or mental inability" of the employee and the existence of "some sufficient reason" why the notice could not have been given. The additional ground provided by statute as such excuse received little attention by either party—possibly because they, like the court, are not sure of what it means. We refer to the excuse "That failure to give such notice will not result in an unwarrantable charge against the state insurance fund." We doubt that *any* compensation claim would be allowed, no matter how punctilious the claimant had been in the compliance with every requirement, the dotting of every i, and the crossing of every t, if his claim resulted in an *unwarrantable* charge against the state insurance fund—i. e., if we give the word its usual meaning—indefensible, not justifiable.

Our holding in the present case is simply this: Where an employee working for an employer subject to the terms of the Nevada Industrial Insurance Act, N.C.L. sec. 2680 et seq., has been injured in the course of his employment under the eye of his employer, so that the latter has full notice and knowledge of the accident, and

during his resulting hospitalization gives written notice to the Nevada Industrial Commission, dated seven days late and received fourteen days late (the Demosthenes case having held that failure to register the letter would not invalidate the notice), and that implicit in such notice is a statement of one or more grounds of statutory excuse for failure of strict compliance, the commission may not divest itself of jurisdiction to allow the claim by refusing or neglecting to pass upon the issue of the excuse, and that in an action by the claimant against the commission in which the jurisdictional facts are otherwise recited, the district court in turn has jurisdiction to receive evidence and pass upon the question of excuse, as well as the other issues involved.

■ Appellant commission fears that "the recognition of respondent's claim for compensation would open a veritable floodgate to all sorts of delayed filings, questionable claims and future endeavors to show by interested and questionable testimony matters of excuse, all of which would tend to prevent the orderly administration and consideration of the thousands of cases that come before The Nevada Industrial Commission annually * * *." Such fear is, we think, greatly magnified and exaggerated. In the jurisdictions in which an appeal or other proceeding attacking the findings and award of the commission is lodged directly in the appellate court, such court gives to the findings of the commission the weight that this court accords to the findings of a trial court. Due consideration is undoubtedly given by the district courts of this state to the findings of the commission on issues of fact submitted to it. Our conclusions in this case should enhance rather than detract from the accomplishment of one of the main purposes of the act—to have cases of this kind fairly and competently handled by a statutory board, and thus greatly relieve the congestion of court calendars.

We have given consideration to the many additional authorities cited by appellant. They are distinguishable either upon the facts or by reason of particular statutory

provisions, or are not in accord with the majority rule affecting the points involved in this appeal. Detailed discussion of these cases is not thought necessary.

The judgment and the order denying appellant's motion for a new trial are hereby affirmed with costs.

HORSEY, C. J., and EATHER, J., concur.