IMPERIAL PALACE HOTEL, Appellant, v.
LILAYNE CLEMENTS, Respondent.

No. 16371

February 20, 1986                    714 P.2d 564

*Jerry Collier Lane,* Las Vegas, for Appellant.

*Charles J. York,* State Industrial Attorney, and *James M. Stuart,* Deputy State Industrial Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This case centers on whether late filing of a claim for benefits under the State Industrial Insurance System (SIIS) may be excused under NRS 616.600(6). We hold that it may.

On April 10, 1983, Lilayne Clements, a maid at the Imperial Palace Hotel, strained her back while cleaning a tub. She immediately informed her employer, and completed a notice of industrial accident. However, she did not seek medical treatment for over five months, initially treating the injury herself with heat and rest.

Her claim for SIIS benefits was denied based on failure to file a claim within 90 days as required by NRS 616.500(4). The appeals officer reversed, and ordered payment of benefits.[1] The

---

[1]Although it appears that certain language in the appeals officer's decision was inadvertently inserted from another case, a review of the decision as a whole reveals that it was based on a finding of justifiable excuse.

district court affirmed, and from that judgment the self-insured employer appeals.

The dispute arises from an apparent contradiction in the language of 616.500(6), which states:

> Failure to give notice or to file a claim for compensation within the time limit specified in this section is a bar to any claim for compensation under this chapter, but such failure may be excused by the insurer on one or more of the following grounds:
>
> (a) That notice for some sufficient reason could not have been made.
>
> (b) That failure to give notice will not result in an unwarrantable charge against the state insurance fund.
>
> (c) That failure to give notice was due to the employee's or beneficiary's mistake or ignorance of fact or of law, or of his physical or mental inability, or to fraud, misrepresentation or deceit.

While the opening language indicates that "[f]ailure to give notice *or to file a claim* . . . may be excused . . . " (emphasis added), the specific excuse provisions omit reference to "claims" while providing excuses for late giving of notice. This creates an ambiguity in the statute, which must be resolved in reference to its overall purpose. We have repeatedly stated that workmen's compensation statutes should be liberally construed in order to accomplish the legislature's goal of providing compensation for work-related injuries and illnesses. *See, e.g.,* SIIS v. Jesch, 101 Nev. 690, 709 P.2d 172 (1985); Nyberg v. Nevada Industrial Comm'n, 100 Nev. 322, 324, 683 P.2d 3 (1984). With this in mind, we hold that the excuse provisions of NRS 616.500(6) apply to both late giving of notice and late filing of claims. The judgment is therefore affirmed.