KATHY BROCAS, Appellant, *v.* MIRAGE HOTEL & CASINO, Respondent.

No. 23242

June 22, 1993                                854 P.2d 862

[Rehearing denied November 2, 1993]

*Greenman, Goldberg, Raby & Martinez,* Las Vegas, for Appellant.

*Carolyn Ellsworth* and *William B. Werner,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This workers' compensation case arises from two separate claims for industrial insurance benefits filed by appellant Kathy Brocas (Brocas) with her self-insured employer, respondent Mirage Hotel & Casino (the Mirage). We conclude that substantial evidence supported the denial of Brocas's industrial claim for her December, 1989, back injury. However, we conclude that the appeals officer and the district court erred in denying Brocas benefits for the neck injury of July and August, 1990, as Brocas presented sufficient evidence of a compensable work-related injury.

## Facts

Brocas began working as a housekeeper at the Mirage when it opened in November of 1989. Brocas testified that she injured her back while making a hotel bed the following month, in December of 1989. However, she did not report an industrial injury at that time. On April 12, 1990, Brocas completed a SIIS C-4 form for the claimed back injury and submitted it to the Mirage, together with medical bills for her treatment with Dr. Jerald Malone (Dr. Malone). The Mirage refused to pay the medical bills, as Brocas had not previously filed an employee accident report with the Mirage. It was not until October 10, 1990, that Brocas submitted an employee accident report for the December, 1989, injury. The Mirage then denied Brocas's claim. On February 15, 1991, the hearing officer determined that Brocas had not established that she sustained a compensable industrial injury, and additionally, that her claim was untimely.

On August 24, 1990, Brocas completed a SIIS C-4 form for a neck injury sustained while changing a hotel shower curtain in July of 1990. She further indicated her neck hurt when she changed the hotel beds, lifted her vacuum, and pushed her housekeeping cart. Brocas filled out an employee accident report the same day stating that she injured her neck while lifting a vacuum off of her cart. The Mirage refused this claim, finding that Brocas had not established a disability arising out of the course of employment. On September 17, 1990, the hearing officer affirmed the denial, stating that the alleged neck injury was contraindicated.

Brocas appealed the hearing officers' determinations, of September 17, 1990, and February 15, 1991, which were then consolidated. After an evidentiary hearing, the appeals officer concluded that Brocas had not established that an injury by

accident had occurred in December of 1989, or in July or August of 1990.

The appeals officer found that: (1) Brocas did not timely report or file a claim for an industrial injury occurring in December of 1989; (2) Brocas had not adequately described, nor did the medical documentation support, an industrial injury by accident occurring in December of 1989; and (3) Brocas's neck and shoulder problems pre-existed the alleged shower and vacuum incidents of July and August, 1990, as: (a) treatment for a cervical problem began in February of 1990; (b) the medical documentation states the etiology for the chronic neck and back pain complained of on July 25, 1990, is unclear; (c) Brocas's symptomatology was stated to be out of proportion to radiographic findings; and (d) Brocas could not give a date for the incidents allegedly causing her pain. Brocas filed a petition for judicial review of the appeals officer's decision with the district court, which affirmed the appeals officer's decision.

## Discussion

This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion. United Exposition Service Co. v. SIIS, 109 Nev. 421, 851 P.2d 423 (1993); Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983). This standard of review is codified in NRS 233B.135.[1] It is well recognized that this court, in reviewing an administrative agency decision, will not substitute its judgment of the evidence for that of the administrative agency. State, Dep't of Mtr. Vehicles v. Becksted, 107 Nev. 456, 458, 813 P.2d 995, 996 (1991). This

---

[1]NRS 233B.135 provides that judicial review of a final agency decision must be confined to the record and the burden of proof is on the party challenging the agency decision. NRS 233B.135(1) and (2). NRS 233B.135(3) provides:

   3. The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is:
      (a) In violation of constitutional or statutory provisions;
      (b) In excess of the statutory authority of the agency;
      (c) Made upon unlawful procedure;
      (d) Affected by other error of law;
      (e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
      (f) Arbitrary or capricious or characterized by abuse of discretion.

court is limited to the record below and to a determination of whether the administrative body acted arbitrarily or capriciously. State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984). The central inquiry is whether substantial evidence in the record supports the agency decision. SIIS v. Christensen, 106 Nev. 85, 87-88, 787 P.2d 408, 409 (1990). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Maxwell v. SIIS, 109 Nev. 327, 849 P.2d 267 (1993); State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986).

*The December 1989 Back Injury*

Brocas argues that the district court erred in affirming the appeals officer's decision which found that Brocas had not adequately described, nor did the medical documentation support, that an industrial injury by accident occurred in December of 1989. Brocas completed a SIIS C-4 form on April 12, 1990, describing the accident thusly: "In December of 1989 I was at work came home and my lower left side was hurting—It went away after 3 days. About 3 weeks later returned and it has been hurting since." The stated diagnosis was strain, and the prescribed treatment was "rest, ice, refer P.T." In support of her claim, Brocas asserts that she continued to work until the pain became intolerable, and then she was treated by Dr. Malone at Family Medical Center for low back pain in the left sacroiliac joint and a sore throat on February 12, 1990. Dr. Malone's notes from the visit indicate that Brocas worked as a cleaning person and did a great deal of exercise and lifting as part of her work; however, the notes also indicate that Brocas knew of no specific injury causing her back pain. X-rays of Brocas's lumbar and cervical spine were negative, and a CAT scan of her cervical spine showed no abnormalities. Dr. Malone recommended physical therapy, and Southwest Physical Therapy, Inc. evaluated Brocas on April 30, 1990. Brocas told the physical therapist that her lower back pain began in February, 1990. The employee accident report Brocas filled out on October 10, 1990, for the same back injury, lists the date of the accident as occurring on approximately January 31, 1990.

Based on the above, the hearing officer found Brocas had not established that she sustained a compensable industrial injury. This determination was based primarily on Dr. Malone's notes from Brocas's initial consultation with him wherein he indicated Brocas knew of no specific injury that could have caused her back pain and also on the fact that Brocas could not establish an exact

date of injury. Although Dr. Malone later testified before the appeals officer that Brocas had told him she had injured her back lifting a mattress, he was not sure when she told him this, and his office notes do not reflect any such discussion. An agency's view of the facts is entitled to deference and should not be disturbed if it is supported by substantial evidence. *See* SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). We conclude that the appeals officer's decision finding that Brocas had not shown that she suffered an industrial injury by accident in December of 1989 was supported by substantial evidence.

The appeals officer also found that Brocas did not timely report or file a claim for an industrial injury occurring in December of 1989 under NRS 616.500.[2] Brocas admits that the actual filing of her industrial claim was beyond the ninety-day statutory limit. However, she contends that she gave oral notice to her supervisor, Mai Stewart (Stewart), at the time the injury occurred, which Stewart denies. As recognized in Industrial Commission v. Adair, 67 Nev. 259, 217 P.2d 348 (1950), actual notice or knowledge of an injury to the employer will excuse timely, formal notice in many jurisdictions. *Id.* at 269, 217 P.2d at 352. Brocas contends that the Mirage acquired actual notice of her back injury in December when she told Stewart that she hurt her back, and that this actual notice should excuse timely formal notice.

However, Stewart testified that Brocas did not report a back injury to her, and that if Brocas had told her that she had injured herself, Stewart would have told Brocas to fill out an employee accident report. Stewart testified that Brocas told her only that her "back had been hurting," and this was six or seven months after she allegedly hurt her back in December of 1989. Discussing the notice issue, Professor Larson states:

> The present tendency is to excuse lack of notice whenever the employer acquired actual knowledge of the accident . . . .
>
> It is not enough, however, that the employer, through his

---

[2]NRS 616.500(1) provides that notice of a compensable injury must be given to the insurer as soon as practicable, but within thirty days after the accident. NRS 616.500(3) provides:

3. The notice must:

(a) Be in writing;

(b) Contain the name and address of the injured employee;

(c) Contain a statement in ordinary language of the time, place, nature and cause of the injury; and

(d) Be signed by the injured employee or by a person on his behalf . . . .

Further, the injured employee, or someone on her behalf, must file a claim for compensation within ninety days of the accident in order to receive compensation under the statute. NRS 616.500(4).

representatives, be aware that claimant "feels sick," . . . or has a pain in his back, or shoulder . . . . There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim. . . .

In any sizable industrial operation, there are many workers suffering from a variety of pains, infirmities, and weaknesses that have nothing to do with industrial causes, and there are also many mishaps, falls, and minor accidents that result in no personal injuries at all; it is not reasonable to expect an employer to launch an investigation every time a foreman hears someone complain of a pain or sees someone get a bump, and such knowledge does not therefore satisfy the objectives of the notice statute.

2B Arthur Larson, The Law of Workmen's Compensation § 78.31(a)(1)-(3), at 15-110–15-141 (1989).

We conclude there is no good reason to dispense with the formal statutory notice and filing requirements in the present case. Brocas's situation is distinguishable from *Adair,* where the injured worker was hospitalized in an employer-owned facility immediately after being injured on the job, and thus formal notice was excused. The present case is also distinguishable from Imperial Palace Hotel v. Clements, 102 Nev. 15, 714 P.2d 564 (1986), where the claimant immediately notified her employer of her injury and completed an industrial accident form, but did not seek medical treatment for over five months. Here, the record does not relect that the Mirage was given actual notice sufficient to excuse formal statutory notice. Brocas did not seek immediate medical treatment, did not fill out an employee accident report, did not miss any work due to an injury, and according to Stewart's testimony, did not report an injury. The appeals officer believed Stewart's testimony that Brocas did not report an injury to her. This type of decision is based on a credibility determination and thus is not open to appellate review. Seaman v. KcKesson Corp., 109 Nev. 8, 11, 846 P.2d 280, 282-83 (1993). We conclude there was substantial evidence to support the appeals officer's determination that no actual notice was given by Brocas to the Mirage, and therefore her claim was time barred. *See* NRS 616.500(6).

## The July and August of 1990 Neck Injuries

The appeals officer concluded that Brocas did not show that she suffered an industrial injury in July and August of 1990, as

Brocas's neck and shoulder problems pre-existed the alleged shower and vacuum incidents. Brocas argues that the decision of the appeals officer was not supported by substantial evidence and was clearly erroneous under NRS 233B.135. We agree. A careful review of the record reveals that Brocas presented sufficient facts to show that she suffered a compensable industrial injury to her neck during the summer of 1990.

To recover workers' compensation benefits, a claimant must first show that an injury by accident occurred. *See* NRS 616.370(1); American Int'l Vacations v. MacBride, 99 Nev. 324, 661 P.2d 1301 (1983). In order for an incident to qualify as an accident, the following elements must be present: (1) an unexpected or unforeseen event; (2) happening suddenly and violently; and (3) producing at the time, or within a reasonable time, objective symptoms of injury. *MacBride*, 99 Nev. at 326-27, 661 P.2d at 1303; *see* SIIS v. Swinney, 103 Nev. 17, 21, 731 P.2d 359, 361-62 (1987) (claimant must show facts sufficient to establish occurrence of injury or accident). Brocas testifed before the appeals officer that she experienced a sharp pain in her neck on July 21, 1990, while lifting a vacuum cleaner, and that she experienced more sharp pains in her neck again on August 11, 1990, while changing a shower curtain. On August 13, 1990, Brocas was treated by Dr. Malone who instructed her not to return to work due to her neck injury. Brocas filled out an employee accident report on August 24, 1990, for a neck injury sustained on or about July 21, 1990, while changing a shower curtain. The same day, Brocas completed a SIIS C-4 form which stated that sometime in July of 1990 she felt a sharp pain in her neck while changing a shower curtain, and that it hurt to change beds, lift the vacuum, and push her cart. Stewart testified that Brocas told her she was injured lifting a vacuum. Additionally, Stewart filled out the supervisor's portion of Brocas's employee accident report indicating that Brocas told her that, ''her neck hurt when changing shower curtain; making beds, lifting vacuum from cart.''

Although Brocas's descriptions of the accident and the precise date of the injury are somewhat vague and contradictory, workers' compensation claims are to be liberally construed in the worker's favor. *Seaman*, 109 Nev. at 10, 846 P.2d at 282. Consistent with that policy, we conclude that the district court erred in affirming the appeals officer's finding that Brocas had not sufficiently described a compensable industrial injury by accident.

It is undisputed that Brocas now suffers from a herniated disk. The Mirage argues that Brocas failed to demonstrate by credible evidence that her herniated cervical disk was the result of an injury caused by her employment. A claimant must prove causation by presenting either testimony from a physician stating to a degree of reasonable medical probability that the condition in question was caused by the industrial injury, or sufficient facts must be shown so that the trier of fact may reasonably conclude that the condition was caused by the industrial injury. United Exposition Service Co. v. SIIS, 109 Nev. 28, 851 P.2d 423 (1993).

A review of the medical evidence in the record shows that Brocas sustained a neck injury at some point during her employment at the Mirage. A CAT scan of Brocas's cervical spine taken in February of 1990 showed no abnormalities. Dr. Malone evaluated Brocas for her neck injury on August 13, 1990, and ordered further testing. A CAT scan of her cervical spine done on August 20, 1990, revealed that Brocas had a midline posterior herniation of the C6-C7 disks. Dr. Malone testified to a reasonable medical probability that Brocas's neck injury was industrially-related. Although there is some evidence indicating that Brocas's cervical complaints were disproportionate to the radiographic findings, and that the etiology for Brocas's chronic neck and back pain was unclear, this evidence does not negate the existence of Brocas's cervical injury; it merely questions her degree of symptomatology. Further, chronic neck and back pain are consistent with a diagnosis of fibromyalgia, which the record reflects Brocas was diagnosed with in addition to her cervical disk herniation.

We conclude that Brocas presented sufficient medical testimony and sufficient facts to support a determination that her herniated disk was caused by an industrial injury. We have carefully considered all of the other issues raised on appeal and conclude that they either lack merit or need not be addressed given our disposition of this appeal. Accordingly, we affirm the decisions of the appeals officer and the district court denying Brocas's claim for the December, 1989, back injury, and we reverse those decisions with respect to Brocas's claim for neck injuries sustained in July and August of 1990.