*543
 
 OPINION
 

 Per Curiam:
 

 Respondent Todd Peterson (“Peterson”) failed to comply with NRS 616C.020(1) by not filing his workers’ compensation claim within ninety days of suffering a work-related injury. Appellant Barrick Goldstrike Mine (“Barrick”) denied Peterson’s claim due, in part, to his failure to file a timely claim, and Peterson appealed this decision. A hearing officer and an appeals officer from the Nevada Department of Administration both reversed Barrick’s decision and granted Peterson benefits. The district court affirmed the appeals officer’s decision and denied judicial review. For the reasons discussed herein, we conclude that the appeals officer interpreted NRS 616C.025(1) erroneously. However, we further conclude that substantial evidence in the record supports the appeals officer’s alternative finding that Peterson’s failure to comply with NRS 616C.020(1) is excused under NRS 616C.025(2).
 

 FACTS
 

 In 1992, Peterson began working for Barrick as an electrician in the maintenance department. On September 11, 1996, while attempting to lift a boarding ladder onto an electric shovel, Peterson felt a “pop” and an immediate burning sensation in his lower back. Peterson immediately notified his supervisor of the injury. Peterson and his supervisor then together filled out an “Employee’s Notice of Injury or Occupational Disease” form. Peterson finished his shift and went home. Peterson had previously scheduled the next three days off from work and believed that his back pain would improve with time and rest.
 

 Peterson still experienced back pain for two to three weeks, but the pain eventually subsided. Peterson later began experiencing pain in his right leg, which he did not associate with the back injury. Because his leg pain progressively worsened, Peterson sought medical treatment on December 31, 1996, from Dr. John Sherwood (“Dr. Sherwood”). Despite treatment, Peterson continued to suffer leg pain.
 

 In March 1997, Dr. Sherwood referred Peterson to Dr. Dennis D. Thoen (“Dr. Thoen”) at the Western Neurological Center in Salt Lake City, Utah, for magnetic resonance imaging (“MRI”). The MRI revealed a serious lumbar disk herniation, which his physicians believed was the cause of the leg pain. Dr. Thoen recommended that Peterson undergo surgery. Dr. Sherwood concluded that the back injury and subsequent leg pain resulted from
 
 *544
 
 the September 11, 1996, accident. With the assistance of Dr. Sherwood, Peterson filled out a workers’ compensation claim on March 24, 1997.
 

 On April 29, 1997, Barrick’s insurance administrator denied Peterson’s claim on the stated grounds that the injury was not work-related and that Peterson did not formally file the claim for workers’ compensation benefits within ninety days of the injury, as required by NRS 616C.020(1). Peterson immediately appealed the insurance administrator’s decision.
 

 On July 16, 1997, a hearing officer of the Nevada Department of Administration reversed the insurance administrator’s decision and ruled that a preponderance of the evidence demonstrated that Peterson’s back injury occurred as a result of his work duties. The hearing officer also ruled that “[bjenefits may not be denied for failure to give timely notice where the [ejmployer had actual notice of injury on date of occurrence.” Barrick appealed the hearing officer’s ruling.
 

 On December 16, 1997, an appeals officer of the Nevada Department of Administration affirmed the hearing officer’s decision. The appeals officer agreed that Peterson did not file an untimely claim because Barrick received actual notice of the injury. The appeals officer concluded that “it is only the failure to . . . both [file a notice of injury and file a workers’ compensation claim] that operates as a total bar to industrial benefits.” The appeals officer also observed that Peterson sought medical attention only when his pain worsened, and subsequently filed a claim based upon medical evidence demonstrating that the injury occurred as a result of the September 11, 1996, accident. Accordingly, the appeals officer alternatively concluded that such a situation qualifies as “an excuse for failure to file the claim.”
 

 Barrick filed a petition for judicial review of the appeals officer’s ruling. On October 16, 1998, the district court denied the petition, affirming the appeals officer’s decision. Barrick appeals.
 

 DISCUSSION
 

 Whether the appeals officer correctly interpreted NRS 616C.025(1)
 

 Barrick argues that the appeals officer erred in ruling that filing either a notice of injury or a claim for compensation satisfies NRS 6160.025(1). Instead, Barrick contends that NRS 6160.025(1) requires the filing of both a notice of injury, pursuant to NRS 6160.015(1), and a claim for compensation, pursuant to NRS 6160.020(1). Thus, if an employee fails to file either a notice of injury or a claim for compensation, the employee is, at least presumptively, barred from receiving benefits. We agree.
 

 
 *545
 
 The construction of a statute is a question of law subject to de novo review.
 
 See
 
 State, Dep’t of Mtr. Vehicles v. Lovett, 110 Nev. 473, 476, 874 P.2d 1247, 1249 (1994);
 
 see also
 
 American Int’l Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983) (holding that this court may independently review the administrative construction of a statute). Additionally, in interpreting statutes, “[t]his court has long held that statutes should be given their plain meaning.” Alsenz v. Clark Co. School Dist., 109 Nev. 1062, 1065, 864 P.2d 285, 286 (1993). Moreover, “[tjhis court has consistently upheld the plain meaning of the statutory scheme in workers’ compensation laws.” SIIS v. Prewitt, 113 Nev. 616, 619, 939 P.2d 1053, 1055 (1997).
 

 How we should interpret NRS 616C.025(1) is an issue of first impression in Nevada. NRS 616C.025(1) provides:
 

 Except as otherwise provided in subsection 2, an employee or, in the event of the death of the employee, his dependent, is barred from recovering compensation pursuant to the provisions of chapters 616A to 616D, inclusive, of NRS if he fails to file a notice of injury pursuant to NRS 616C.015 or a claim for compensation pursuant to NRS 616C.020.
 

 After a careful review of NRS Chapter 616C, we conclude that the legislature established a comprehensive statutory scheme for workers’ compensation claims that begins with a two-step process. First, under NRS 616C.015(1),
 
 [1]
 
 an injured employee must provide written notice of a work-related injury to the employer within seven days of the injury. Second, under NRS 616C.020(1),
 
 [2]
 
 the employee must file a claim for compensation for the injury within ninety days of the accident. In accordance with NRS 616C.015(1) and NRS 616C.020(1), NRS 616C.025(1) expressly provides that an injured employee is barred from receiving compensation if the employee fails to file a notice of injury or fails to file a claim for compensation.
 

 In this case, the appeals officer interpreted NRS 616C.025(1)
 

 
 *546
 
 Peterson contends that the ninety-day deadline provided for in NRS 616C.020(1) is inapplicable in this case. Specifically, Peterson argues that the statute only appears to apply if an employee seeks medical treatment within ninety days of the accident.
 
 See
 
 NRS 616C.020(l)(a). Here, Peterson sought treatment 111 days after he sustained his injury at Barrick.
 

 Although we acknowledge this apparent gap in NRS 616C.020(1), this case involves an unusual factual scenario because most injuries will generally manifest themselves within the ninety-day period. Moreover, to conclude that Peterson is excused from complying with NRS 616C.020(1) would inevitably lead to cases where the statute is rendered inoperative.
 
 See
 
 Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 502, 797 P.2d 946, 949 (1990) (“It is elementary that
 

 statutes . . . must be construed as a whole and not be read in a way that would render words or phrases superfluous or make a provision nugatory.”),
 
 overruled on other grounds by
 
 Calloway v. City of Reno, 116 Nev. 250, 993 P.2d 1259 (2000).
 

 Additionally, as noted above, the legislature set up an explicit two-step procedure in an effort to lend order and predictability to the entire workers’ compensation process-. If we began crafting exceptions to this otherwise unambiguous procedure, it is not difficult to imagine the absurd results that would inevitably flow from such exceptions.
 
 See
 
 Welfare Div. v. Washoe Co. Welfare Dep’t, 88 Nev. 635, 638, 503 P.2d 457, 459 (1972) (“The entire subject matter and the policy of the law may also be involved to aid in its interpretation, and it should always be construed as to avoid absurd results.”). Accordingly, subject to the provisions of NRS 616C.025(2), we conclude that an injured employee must file a claim for compensation under NRS 616C.020(1) within ninety days of the accident regardless of whether the injured employee seeks medical treatment within the ninety-day period.
 
 [3]
 

 
 *547
 

 Whether substantial evidence in the record supports the appeals officer’s alternative ruling
 

 Peterson also asserts that this case falls within the purview of NRS 616C.025(2), regardless of whether the appeals officer interpreted NRS 616C.025(1) erroneously. Thus, Peterson argues that the appeals officer’s alternative ruling is supported by substantial evidence in the record. We agree.
 

 It is well-settled that “Administrative agencies may receive and weigh evidence and a reviewing court may not substitute its judgment on questions of fact.” Southwest Gas v. Woods, 108 Nev. 11, 15, 823 P.2d 288, 290 (1992);
 
 see also
 
 NRS 233B. 135(3) (“The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact.”). Therefore, “[t]he central inquiry is whether substantial evidence in the record supports the agency decision.” Brocas v. Mirage Hotel & Casino, 109 Nev. 579, 583, 854 P.2d 862, 865 (1993).
 

 Substantial evidence is “ ‘that quantity and quality of evidence which a reasonable [person] could accept as adequate to support a conclusion.’ ” State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608 n.l, 729 P.2d 497, 498 n.1 (1986) (quoting Robertson Transp. Co. v. P.S.C., 159 N.W.2d 636, 638 (Wis. 1968));
 
 see also
 
 Maxwell v. SIIS, 109 Nev. 327, 331, 849 P.2d 267, 270-71 (1993). Accordingly, if the agency’s decision lacks substantial evidentiary support, the decision is unsustainable as being arbitrary or capricious.
 
 See
 
 NRS 233B. 135(3)(f).
 

 In the present case, the appeals officer ruled in the alternative that Peterson’s circumstances qualified as “an excuse for failure to file the claim” under NRS 616C.025(2). NRS 616C.025(2) operates independently of NRS 616C.025(1) and expressly provides:
 

 An insurer may excuse the failure to file a notice of injury or a claim for compensation pursuant to the provisions of this section if:
 

 (a) The injury to the employee or another cause beyond his control prevented him from providing the notice or claim;
 

 (b) The failure was caused by the employee’s or dependent’s mistake or ignorance of fact or of law;
 

 
 *548
 
 (c) The failure was caused by the physical or mental inability of the employee or the dependent; or
 

 (d) The failure was caused by fraud, misrepresentation or deceit.
 

 It is undisputed that Peterson did not associate his leg pain with his back injury. Because of his mistake or ignorance concerning the continuing nature of his back injury, Peterson sought medical attention belatedly, which caused his failure to file a claim for compensation within ninety days of the actual injury. Indeed, Peterson did not move to file a claim for compensation until medical evidence demonstrated that his pain was the result of the September 11, 1996, accident. Thus, the appeals officer alternatively ruled that Peterson’s situation qualified as a mistake or ignorance of fact, thereby falling under excusable conduct pursuant to NRS 616C.025(2)(b). For the foregoing reasons, we conclude that substantial evidence in the record clearly supports the appeals officer’s alternative finding that Peterson’s failure to file a timely claim for compensation was excused under NRS 616C.025(2).
 

 Barrick contends that this case is controlled by our decision in Bally’s Grand Hotel & Casino v. Reeves, 113 Nev. 926, 948 P.2d 1200 (1997). In
 
 Bally’s,
 
 an injured employee failed to file a timely notice of injury, and her employer’s insurer denied her benefits for this reason. On appeal, the employee argued that her failure should have been excused by the insurer pursuant to an earlier version of NRS 616C.025(2). We noted in
 
 Bally’s
 
 that the statute gives “broad discretionary powers to employers as to whether they should accept or reject employees’ excuses for failing to comply.”
 
 Id.
 
 at 929-30 n.4, 948 P.2d at 1203 n.4. Nonetheless, we stated that this “does not, mean, however, that the insurer’s decision is inviolate.”
 
 Id.
 
 Thus, the insurer’s decision to deny an excuse is reviewable de novo by an administrative officer.
 
 See id.
 
 Because it was unclear from the record whether the insurer actually considered the employee’s excuse, we remanded the matter to the insurer for a reconsideration of the employee’s excuse.
 
 See id.
 
 at 929, 948 P.2d at 1203;
 
 see also
 
 Bullock v. Pinnacle Risk Mgmt., 113 Nev. 1385, 1389, 951 P.2d 1036, 1039 (1997) (holding that
 
 Bally’s
 
 requires remanding to the employer’s insurer to consider the employee’s excuse under NRS 616C.025(2)).
 

 Essentially, Barrick argues that under
 
 Bally’s,
 
 remanding this case to its insurer is necessary. We disagree for the following reason. Although our holding in
 
 Bally’s
 
 suggests that we must
 
 *549
 
 remand this matter to the insurer,
 
 [4]
 
 the appeals officer already concluded that Peterson’s failure to file a timely claim fell within the excuse provisions of NRS 616C.025(2). More importantly, at oral argument on this appeal, Barrick categorically stated that it would reject Peterson’s excuse upon remand. In enacting the Nevada Industrial Insurance Act (“the Act”), which includes NRS Chapters 616A to 616D, the legislature expressly declared that the Act
 
 “must
 
 be interpreted and construed to ensure the quick and efficient payment of compensation to injured and disabled employees.” NRS 616A.010(1) (emphasis added). Therefore, remanding this case to Barrick’s insurer would only further delay the payment of Peterson’s workers’ compensation benefits because the insurer would inevitably deny Peterson’s excuse, and the appeals officer would then reverse the insurer’s decision and accept the excuse.
 

 Accordingly, we now clarify our decision in
 
 Bally’s
 
 and conclude that NRS 616C.025(2) does not require remand to the insurer in all cases. Thus, in light of Barrick’s concession and the appeals officer’s alternative ruling, we further conclude that remanding the case to Barrick’s insurer risks non-compliance with the legislature’s declaration and would merely serve to foster needless and continued litigation at that level. Consequently, we conclude that the appeals officer properly considered Peterson’s excuse de novo and that substantial evidence in the record supports the appeals officer’s alternative finding that Peterson’s failure to file a timely claim for compensation is excused under NRS 616C.025(2).
 
 See Bally’s,
 
 113 Nev. at 929-30 n.4, 948 P.2d at 1203 n.4.
 

 CONCLUSION
 

 Although the appeals officer erroneously interpreted NRS 616C.025(1), we conclude that substantial evidence in the record supports the appeals officer’s alternative ruling that Peterson’s failure to comply with NRS 616C.020(1) is excused under NRS 616C.025(2). Accordingly, we affirm the order of the district court.
 

 [1]
 

 NRS 616C.015(1) provides that “[a]n employee . . . shall provide written notice of an injury that arose out of and in the course of employment to the employer of the employee as soon as practicable, but within 7 days after the accident.”
 
 *546
 
 to merely require the filing of either a notice of injury or a claim for compensation. Pursuant to the plain language of NRS 616C.025(1), we conclude that an injured employee must file
 
 both
 
 a notice of injury
 
 and
 
 a claim for compensation in order to receive benefits. Accordingly, we conclude that the appeals officer interpreted NRS 616C.025(1) erroneously in this case.
 

 [2]
 

 NRS 616C.020(1) states, in relevant part:
 

 [A]n injured employee, or a person acting on his behalf, shall file a claim for compensation with the insurer within 90 days after an accident if:
 

 (a) The employee has sought medical treatment for an injury arising out of and in the course of his employment; or
 

 (b) The employee was off work as a result of an injury arising out of and in the course of his employment.
 

 [3]
 

 Peterson also contends that if an employer receives actual notice of an injury, the failure to file either a notice of injury
 
 or
 
 a claim for compensation may be excused. We conclude that Peterson’s argument lacks merit. We have held that if an employer receives actual notice of an injury, this may only excuse a failure to file a timely notice of injury,
 
 not
 
 a claim for compensation.
 
 See
 
 Brocas v. Mirage Hotel & Casino, 109 Nev. 579, 584-85, 854 P.2d 862, 866-67 (1993); Industrial Commission v. Adair, 67 Nev. 259, 271-72,
 
 *547
 
 217 P.2d 348, 354 (1950). We decline to extend our holding in
 
 Brocas
 
 and
 
 Industrial Commission
 
 to include excusing the failure to file a timely claim for compensation based only on an employer’s actual notice of injury.
 

 [4]
 

 Our opinion in
 
 Bally’s
 
 noted that NRS 616C.025(2) “requires that the first decision in these matters must be made by the insurer.”
 
 Bally’s,
 
 113 Nev. at 930 n.4, 948 P.2d at 1203 n.4.